MAY TERM
1835.

Webb
v.
Garner & Trigg.

WEBB v. GARNER & TRIGG.

1. Declaration in debt against G. & T. on Kentucky record.
2. 1st count recites recovery of judg't. against G.—execution—replevin bond taken, executed by G. & T., returned and filed in the clerk's office—with averment that by the laws of Kentucky it had the force and effect of a judgment, and as such was required to be kept in the said office, and plaintiff could not make profert thereof.
3. 2nd Count like the 1st—and makes profert of a copy of replevin bond.
4. 3rd Count like the 2 first—with an averment that a scire facias issued on the replevin bond, and judgment of execution, was rendered against both defendants.
5. Defendants pleaded to each count separately and to the whole declaration.
6. Held—that plaintiff cannot recover on the original judgment of recovery—that being against G. alone, and this suit against G. & T. on joint liability.
7. That plaintiff cannot recover on the judgment on the scire facias, because a judgment for execution and not of recovery, and if a judgment of recovery, it seems to be void for want of jurisdiction; defendants not being within the State, and not being served with process, and not appearing.
8. Plaintiff may recover on two first counts, as counts on replevin bonds, with excuse for profert.

ON ERROR from the Howard circuit court.

Opinion of the court delivered by WASH, Judge.

Declaration in debt against G. & T. on Kentucky record.
1st Count recites recovery of judgment against G.— execution—replevin bond taken, executed by G. & T., returned and filed in the clerk's office—with averment that by the laws of Kenty. it had the force and effect of a judgment, and as such was required to be kept in the said office; and plff. could not make profert thereof.

This was an action of debt, instituted by Webb against Garner & Trigg upon a Kentucky record. The declaration contains three counts. The first count, after setting out the recovery of a judgment in the Clark circuit court in the State of Kentucky by the plaintiff Webb against Garner; the sueing out of execution upon that judgment and taking of the body of Garner in execution and delivering of it to the jailer of the proper county; alledges that Garner while so in custody together with Trigg as his security, executed a replevin bond conditioned for the payment to Webb of the amount of the judgment recovered against Garner, with the costs &c. within one year from the date, that this replevin bond was delivered to the jailor who thereupon discharged Garner from custody and returned the bond with a certificate of his proceedings aforesaid into the office of the Clark circuit court; and averred "that by the laws of the said State of Kentucky in force at the time of giving the judgment aforesaid and ever since has been, viz: at the April term of the Clark circuit court 1820, and at the time of the execution and return of the aforesaid replevin bond so executed by said Garner and Trigg as aforesaid, the same upon the execution and return to the clerks office

as aforesaid, became and was a record of the said circuit court of Clark county of the said State of Kentucky, and then and there had the force and effect of a judgment of the said circuit court of Clark county in favor of the said plaintiff against the said Garner & Trigg; and as such by the laws of the said State was compelled to be kept in said clerk's office of the said Clark county, and therefore, the said plaintiff cannot make profert thereof &c."

The second count of the declaration is substantially the same as the first, making profert of a copy &c.

The third count is substantially the same as the two first, with an additional averment that a scire facias upon the replevin bond was sued out of the Clark circuit court, and judgment obtained thereon for execution against Garner & Trigg for the amount of the former recovery against Garner and costs, and for the costs of the proceedings on the scire facias &c.

The defendant pleaded to each count separately nul tiel record of the original recovery, non est factum of the replevin bond, and nul tiel record of the replevin bond and return in manner and form as alleged:—He also pleaded to the whole declaration nul tiel record of the original recovery and of the replevin bond and return in manner and form &c., with an averment of the identity of the recoveries, replevin bond and returns mentioned in the several counts &c. And to the third count the defendant pleaded a separate plea that the defendants, during all the time of the pendency of the proceedings upon the scire facias, were citizens and inhabitants of the State of Missouri and not of the State of Kentucky, that, they were not in Kentucky during the pendency thereof and had no notice of the scire facias and did not appear thereto &c.

Upon the motion of the plaintiff's counsel the pleas of non est factum were stricken out by the circuit court, on the ground that the same had not been verified by the oath of the party &c. Issues were taken upon the other pleas and the trial of them submitted to the court sitting as a jury.—In support of his case the plaintiff read to the court a transcript of the record of the original judgment recovered in the Clark circuit court, against Garner, and of the proceedings had in the execution of that judgment down to the taking and return of the replevin bond into the Clark Circuit Court, as set forth in the declaration; and also a transcript of the record of the proceedings had upon the scire facias; together with an authenticated copy of the Kentucky law regulating proceedings

MAY TERM
1835.

Webb
v.
Garner & Trigg.

2nd count like the 1st----and makes profert of a copy of replevin bond. 3rd count like the 2 first---with an averment that a scire facias issued on the replevin bond, and judg't. of execution was rendered against both defds.

Defendants pleaded to each count separately and to the whole declaration.

MAY TERM
1835.

Webb
v.
Garner & Trigg.

upon executions, replevin bonds, &c. The defendant then proved the facts stated in his special plea to the third count of the declaration, contesting the validity of the judgment upon the scire facias for want of jurisdiction over the defendants, &c. Upon this state of facts, the defendant moved the court (as by way of asking instructions to a jury) to declare that upon the evidence given the plaintiff could not recover. It was accordingly so ruled by the court. The plaintiff thereupon suffered a non-suit and afterwards moved to set it aside for misdirection, which motion was overruled and judgment given for the defendants, to reverse which the plaintiff now prosecutes his writ of error in this court.

·Held, that plaintiff cannot recover on the original judgment of recovery, that being against G. alone, and this suit against G. & T. on joint liability.

The points raised by counsel for the appellees are,

1st, That the plaintiff cannot recover upon the original judgment, that being against Garner alone, and the present action being against Garner and Trigg upon a joint liability.

2nd, That the plaintiff cannot recover upon the judgment on the scire facias, because that is a mere judgment for execution and not a judgment of recovery, and because as a judgment of recovery, it is void for want of jurisdiction of the defendants.

3rd, That the plaintiff cannot recover upon the replevin bond, as a mere bond of the defendants, because by his own showing, the bond upon being filed in the Clark Circuit Court became ipso facto, a judgment of that court and thereby the security of the bond was merged in the higher security of the judgment; and because the plaintiff having declared upon it as a judgment he must recover upon it as such or not at all: and

4th, That the plaintiff cannot recover upon the replevin bond and return, as a judgment of the Clark Circuit Court, because he gave no evidence clothing the instrument with that effect, &c.

The law on the first point is well settled in favour of the position taken by the appellees' counsel and is so laid down in 1 Chit. pl. 34–5, and most of the elementary books.

That pl'ff. cannot recover on the judgment on the scire facias, because a judgment for ex'n. and not of recovery, and if a judgment of recovery, it seems to be void for

On the 2nd point also the law is with the appellees. It is not a judgment of recovery against Garner and Trigg, but merely for execution, or if it be held a judgment of recovery, the case of Sallee v. Hays and others decided by this court at Bowling-Green April Term 1832, goes far towards maintaining the position contended for by the appellees' counsel, that the court in Kentucky had no jurisdiction of the defendants in that suit and its judgment is therefore void.

As to the third point, the counsel for the appellant insists that the two first counts of the declaration are upon the bond and the averment, that the same upon being filed, became a record of the Clark circuit court, was made merely to excuse the want of profert in the first count, and to justify the profert of a copy in the second count; and is no other way material and was not denied or put in issue, &c.; that the averment was traversable and the defendants might have put the truth of the excuse in issue, which they did not think proper to do by a traverse of its truth, and surely have not done, upon the plea of nul tiel record, &c.; that the averment of "the force and effect" of filing the bond in the Clark circuit court, is an independent and immaterial averment and not necessary to the validity of the excuse for want of profert, &c. We hold this to be a good and sufficient answer to the appellees' third point, and places the plaintiff's right of recovery upon the two first counts of the declaration, upon true and proper grounds. This disproves also of the fourth point raised by the counsel for the appellees' since it seems to us that the plaintiff did not seek to recover upon the replevin bond and return as upon a judgment of the Clark circuit court, but upon the replevin bond as a mere bond, of which the Clark circuit court had the legal custody. Upon the whole matter then we think the circuit court erred, and its judgment is reversed and the cause remanded to that court with directions to set aside the non-suit, reinstate the cause and allow the defendant to withdraw his Pleas of nul-tiel record.

MAY TERM
1835.

Webb
v.
Garner & Trigg.

want of jurisdiction; defendants not being within the State and not being served with process, and not appearing.
Plaintiff may recover on two first counts, as counts on replevin bonds, with excuse for profert.