BUSWELL, *Adm'r*, v. BABBITT & *Trustee.*

An action is pending after the estate of the defendant has been attached on the writ.

MOTION to dismiss the action for want of service on the defendant. January 22, 1889, the defendant's estate was attached on the writ, but personal service was not made on him until March 13, 1889. Between January 22 and March 13 the plaintiff died. His administrator appears and prosecutes the suit. The motion was denied, and the defendant excepted.

*G. W. Stone*, for the plaintiff.

*W. W. Flanders*, for the defendants.

SMITH, J.  "Every administrator may prosecute or defend any action pending in any court for or against the deceased, whether the cause of action does or does not survive, if he or the surviving party so elect . . . ."  G. L., *c.* 198, *s.* 16.  This action was pending when the original plaintiff died.  An action is commenced when the writ is filled ready for service and intended to be served. The intention and the act combined constitute the institution of the suit.  *Soc. Prop. Gospel* v. *Whitcomb*, 2 N. H. 229, 230.  The word "pending" means "remaining undecided."  *Clindenin* v. *Allen*, 4 N. H. 385, 386.  The reasons for holding that an action is pending after property has been attached are fully as strong as they are for so holding after the defendant has received a summons.  *Bennett* v. *Chase*, 21 N. H. 570, 577.  One object of the statute is to enable the administrator of a deceased plaintiff to preserve the rights secured by legal process.

If the death of the plaintiff suspended further proceedings until an administrator could come in, and the service of the writ upon the defendant was therefore ineffectual, the action was none the less pending.  The administrator could enter it and perfect service after entry.  G. L., *c.* 226, *ss.* 3, 4; *Young* v. *Ross*, 31 N. H. 201; *Thompson* v. *Carroll*, 36 N. H. 21.  But the question is not a doubtful one.  By the copy left with the defendant, he was summoned to answer to a person *in esse* when the writ was sued out. This is not a case where there was no plaintiff in existence when the action was commenced.  The administrator's appearance to prosecute the suit takes effect by relation from the time of the death of his intestate.  No legal right of the defendant is violated by so holding, and the consequences of a different construction might often be that the debt would be lost to those interested in the estate of the plaintiff, as, for example, when there is security by way of attachment or bail.  *Clindenin* v. *Allen*, 4 N. H. 385, 387.

The defendant contends that this action was not pending when the administrator appeared to prosecute it, because there must be two parties to constitute an action, and the death of the plaintiff left but one.  If this argument is sound, the statute becomes wholly inoperative; but there is no more reason for holding that a suit is not pending when the plaintiff dies after an attachment is made and before the summons is left with the defendant, than when he dies after entry.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.