## MARY C. CRIST, *et al* v. A. McDANIEL.

(Filed September 5, 1905.)

**ASSIGNMENT OF JUDGMENT—Passes What.** Where a proceeding is brought in one county to enjoin the sale of property levied upon under a judgment rendered in another county upon a promissory note, and plaintiff in the injunction suit appeals from an order dissolving a temporary injunction, and executes a supersedeas bond to the sheriff and judgment creditor jointly, and the appeal in the injunction case is affirmed: Held, that an assignment of the judgment rendered in the action on the promissory note, which does not purport in terms to assign anything other than the judgment, will only convey such rights as are vested in the assignor by virtue of that particular judgment, and will not operate to pass to the assignee a right of action on the stay bond given in the injunction proceeding.

(Syllabus by the Court.)

*Error from the Probate Court of Caddo County; before G. B. Phelps, Trial Judge.*

*R. B. Forest,* for plaintiffs in error.

*Glitsch, Morgan & Glitsch,* for defendant in error.

Opinion of the court by

PANCOAST, J.: Judgment was recovered in the probate court of Cleveland county by W. T. Tate against Mary C. Crist, upon a certain promissory note. Execution was issued to the sheriff of Canadian county, and the judgment debtor brought an action in the district court of that county, to enjoin a sale of property levied upon by said sheriff under such execution. From an order dissolving a temporary injunction in that case, Mary Crist appealed and gave a supersedeas bond which ran jointly to Tate, judgment creditor in the suit in Cleveland county, and to the sheriff of Canadian county.

Pending appeal in the injunction case, Tate assigned the Cleveland county judgment to A. McDaniel, defendant in error, the written assignment of that judgment in no way referring to the stay bond or the judgment in the injunction suit. The appeal in that case was affirmed, and this action was brought upon the supersedeas bond by McDaniel, assignee, who claims that by the assignment of the judgment in Cleveland county he acquired a right of action on the bond in the injunction case in Canadian county.

Defendants below demurred generally to the petition, which was overruled. At the trial of the case, defendants objected to the introduction of any evidence under the petition on the ground it did not state facts sufficient to constitute a cause of action. They then objected to the introduction of specific evidence and at the close of plaintiff's evidence, demurred thereto. Each of these objections was ovrruled, and the court found for defendant in error for the amount of the judgment in the probate court of Cleveland county, with interest. From such judgment, plaintiffs in error have appealed.

The assignments of error relied upon are: First, that the assignment of the Cleveland county judgment did not operate to pass along with such judgment a right of action on the injunction bond; and second, if a right of action was passed by such assignment, that plaintiff was limited in his recovery by the terms of the bond respecting the damages recoverable thereunder. The first contention, however, we deem controlling, and if advisedly taken, is decisive of the case.

The bond in suit was made to indemnify A. A. Crosby, as sheriff, and W. T. Tate, against any damages they might sustain by reason of the appeal from the judgment in their

favor in the district court of Canadian county in the injunc-.
tion case, and runs to them jointly. There is no specific as-
signment of this bond by the obligees thereto, although the
plaintiff below while on the stand declared himself the as-
signee of Tate's interest in the injunction bond "through an
understanding", as he says, and that he was to have the in-
terest of the assignor in the judgment on the promissory note.·
This court, however, will look only to the specific written
assignment of the judgment and its terms for a conclusion
as to what passes thereby; but, whatever might be the effect.·
of an assignment of an indivisible obligation by one of two
co-obligees is a question not before us. It has even been held
that a bond of this nature is not susceptible of assignment,
under a statute somewhat similar to ours. (*Lewis v. Har-
wood,* 6 Cranch [U. S.] 82; *Yantes v. Smith,* 12 B. Mon.
[Ky.] 395.) And in another case the facts being identical
with those in the case at bar, where a bond given in an in-
junction proceeding ran jointly to the sheriff and the holder
of the judgment, it was held that the bond was not assignable.
(*Bergett v. Baxter,* 15 Ill. App. 379.)

The general rule is that an absolute assignment of a
judgment passes all the assignor's assignable rights therein to
the assignee, and gives the latter the right to use every remedy,
lien or security available to the assignor, as a means of en-
forcement thereof; but it may be stated, in a particular ap-
plication of the general rule, that those rights which thus
pass by assignment, along with a judgment, are only such as
are vested in the assignor by virtue of that particular judg-
ment, and do not include those arising out of another and
different proceeding, although such other proceeding be a con-
test over a particular method of enforcing the judgment as-

signed.    (17 A. & E. Enc. Law, 2nd. ed. 883; *Forest v. O'Donnell* 42 Mich. 556.)

In the latter case cited, the bond given was in an attachment proceeding, in aid of execution, and upon suit by the assignee of the judgment, the court held that the judgment being distinct and the law not contemplating the instrument sued on as belonging to the judgment, the mere assignment of the judgment did not authorize the assignee thereof to maintain an action upon the bond given in the attachment proceeding.

In the case before us, it must be admitted that the action in which the bond was given was a distinct matter, and that the assignment of the former judgment, whatever else it might convey, did not pass the legal title and interest in the bond. But it may be thought that the assignment, in consequence of the language used in it, should be construed as intended to embrace the bond, and that an equitable title at least, which ought to be deemed sufficient under our statute for assignments of rights of action, was actually transferred.

This case, however, in our opinion, can derive no aid from the general statute for assignment of rights of action, and if the view suggested should be supposed to merit acceptance under any circumstances, it appears to us that the facts in the record sufficiently repel it.    There was no attempt here, by specific reference to the stay bond in the injunction suit, to convey Tate's right of action thereon, and his assignment of the Cleveland county judgment, although carefully and elaborately drawn, did not refer to it or import any undertaking to procure its transfer to McDaniel.

Upon the whole, we are forced to conclude that the assignment of the judgment rendered in the action in Cleveland

county conveyed no right to McDaniel to sue on the supersedeas bond given in the injunction proceeding.

With this view of the case, it is unnecessary for us to consider the second assignment of error.  The judgment of the probate court of Caddo county is therefore reversed, with directions to enter judgment for costs against plaintiff below.

All the Justices concurring.