## Williamsburg Canning Company v. DeLaney, et al.

(Decided April 30, 1914.)

### Appeal from Whitley Circuit Court.

Pleading—Action on Note and Mortgage of Corporation—Question as to Execution of Note and Mortgage—Must Be Raised by Answer.—The defense to an action to recover on a promissory note based on the absence of an allegation that it was executed by a particular officer of a corporation cannot be raised by a demurrer. The question as to the particular officer signing the name of the corporation, or that he had authority to sign the name of the corporation, are clearly matters of defense, and if there was no authority for the execution of the note and mortgage, or if it was in any sense ultra vires, it should have been shown by answer.

R. S. ROSE for appellant.

TYE & SILER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellees sued the Williamsburg Canning Company, appellant, to recover on a $1,500 note, and to enforce a mortgage given to secure its payment. The Canning

Company demurred to the petition, and the demurrer being overruled, it refused to plead further. The court thereupon entered a judgment against the Canning Company for the amount of the note, and adjudged a sale of the mortgaged property for its payment.

The only question here is whether the petition is sufficient to support the judgment, or rather whether the court erred in overruling the demurrer. The petition in apt terms sets up the facts that the Williamsburg Canning Company is a corporation under the laws of Kentucky, and that it executed and delivered to the plaintiffs the $1,500 note sued upon, as well as the mortgage, and it is therefore indebted to the plaintiffs in that sum. The note and mortgage are filed as exhibits, with the corporate seal affixed. It does not allege that either the note or mortgage was executed by any particular officer, or that any officer had authority to sign the name, or affix the seal of the company to the obligation, or to incur any indebtedness on behalf of the corporation. The appellant insists that the absence of such allegations is fatal, and particularly so when the note and mortgage show that the name of the corporation was signed by W. T. Smith, Vice-President. These questions cannot be raised on demurrer. They are clearly matters of defense, and if there was no authority for the execution of the note or mortgage, or if it was in any sense ultra vires, it should have been shown by answer. They are facts peculiarly known to the corporation, and allegations with respect to them should come from that side. A pleader is not bound to anticipate matters of defense; and is not therefore compelled to notice, and remove in his petition, every possible exception, answer, or objection which may exist, and with which the defendant may intend to oppose him. If appellant's Vice-President had no power to execute the writings on behalf of the corporation, or was under disability to bind the corporation, it is just as necessary for the corporation to plead that fact as it is for any other person when relying upon a plea of disability, or non est factum, to show it. (Newman's Pleading and Practice, Section 212).

Appellant relies upon Section 539, Sub-section 7 of the Kentucky Statutes requiring articles of incorporation to state by what officers or persons the affairs of the corporation are to be conducted. This merely means that if the corporation shall have a President, Vice-

President, Treasurer, or Board of Directors, or other officers, for the conduct of its business, the articles shall so state. After the articles are filed, as required by law, then the Board of Directors may prescribe by-laws for the government of the corporation. (Section 542, Kentucky Statutes). Ordinarily these by-laws regulate the execution of writings, obligations, and conveyances on behalf of the corporation, and fix the duties of the several officers in relation thereto. Any limitations upon the power of officials are certainly known to the corporation, and if there are such, they are matters of defense for it. There is no rule requiring the plaintiff to anticipate them by his pleading.

Appellant next relies upon the case of Star Mills v. Bailey, 140 Ky., 194. The case is not in point. The litigation is between a corporation and its Secretary and Treasurer, while here it is between the corporation and an apparent stranger. While the case, supra, is a question of ultra vires, there is no attempt to raise it by demurrer. Answer was filed, and all the questions were thus brought in issue.

We are of opinion that the lower court was abundantly justified in overruling the demurrer, and the judgment is therefore affirmed.