## CONOWAY et al. v. CARNALL et al.

No. 13078—Opinion Filed March 18, 1924.

(Syllabus.)

**1. Garnishment — Action on Bond to Release—Petition—Record of Judgment.**

In an action brought to recover on a bond given to release funds held under garnishment, the bond is the basis of the suit, and not the judgment in the original action, and it is unnecessary to plead the record of such judgment or attach a copy of the journal entry of such judgment to the petition.

**2. Same—Action by Assignee of Bond— Sufficiency of Assignment by Corporation.**

A petition which alleges that an assignment of a bond by a corporation was executed by the corporation is not subject to demurrer because a copy of the assignment which is attached to the petition purports to be signed by the corporation but to which the name of no officer is affixed and which is not attested by the secretary, as the execution of the instrument in the name of the corporation by the proper corporate authority was a sufficient execution thereof, although the same did not show the name of the officer executing the same.

**3. Same—Assignment of Bond as Incident of Judgment—Right of Assignee to Sue.**

The right to bring suit on a bond given to discharge a garnishment which is conditioned that the bondsmen will pay the money judgment rendered in the main action passes as an incident to the assignment of the judgment although no reference is made to the bond in the assignment, and suit may be maintained in the name of the assignee of the judgment.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by D. Carnall and Roy Letteer, partners, against Loren Conoway and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

Woodson E. Norvell, F. F. Nelson, Edward E. Harvey, and Harvey C. Goodloe, for plaintiffs in error.

L. H. Taylor, for defendants in error.

COCHRAN, J. This action was brought by the defendants in error to recover on a bond executed by the plaintiffs in error as sureties for the purpose of discharging a garnishment. The parties will be referred to as plaintiffs and defendants, as they appeared in the trial court.

The petition alleged in substance that on August 16, 1920, the Oklahoma National Bank of Skiatook instituted an action in the district court of Tulsa county against Leona Parks and Verona Bouton upon three promissory notes, and at the time of the institution of the suit procured the issuance of a garnishment summons, which was served upon the National Bank of Commerce of Tulsa, Okla., and in order to release certain funds from the garnishment proceedings Leona Parks caused an undertaking for the discharge of the garnishment proceedings to be executed to the Oklahoma National Bank of Skiatook, which bond was filed in said

cause on August 29, 1920; that the defendants were sureties upon said bond, and that by reason of the execution and filing of the said bond the funds garnished were released and discharged. A copy of the bond was attached to the petition. It was alleged that under the terms of the bond the sureties agreed to pay the plaintiff, the Oklahoma National Bank, on demand, the amount of any judgment and all costs that might be rendered against Leona Parks and Verona Bouton in said suit, and that on June 7, 1921, the Oklahoma National Bank recovered judgment against Leona Parks and Verona Bouton for $1,645, with interest, costs, and attorneys' fees, and that no part of the judgment has been paid and demand has been made upon the defendants for the payment of the judgment and costs, and the same remains wholly unpaid. It was further alleged that on July 26, 1921, for a good and valuable consideration, the Oklahoma National Bank assigned and transferred to the plaintiffs all of the right, title and interest in and to said judgment. A copy of the assignment was attached to the petition as an exhibit To this petition the defendants filed a general demurrer, which was by the court overruled and the defendants elected to stand on the demurrer and have perfected this appeal.

It is first contended that the petition was insufficient because it failed to plead the record of the rendition of judgment in favor of the Oklahoma National Bank. This action was on the bond executed by the defendants, and not on the judgment rendered in the main action, and it was not necessary to plead the record of the judgment or set out a copy of the journal entry thereof. The allegations of the petition setting forth the rendition of the judgment, the date thereof, and the amount of the same and that it remained unsatisfied were sufficient against the general demurrer.

It is contended that the petition was insufficient because the assignment of the judgment attached to plaintiffs' petition was insufficient to transfer the rights of the Oklahoma National Bank to these plaintiffs. The first objection urged to the insufficiency of this assignment is that the assignment, which is attached as an exhibit to plaintiffs' petition, shows the signature of the Oklahoma National Bank of Skiatook, Okla., but fails to show that it was signed by a proper officer or attested by the cashier. It appears that the name of the corporation was attached without the name of any officer of the corporation being affixed, and the de-

fendants contend that this renders the transfer insufficient. The petition alleged that the judgment was assigned by the corporation, and on its face it purports to have been signed by the corporation. If the same was signed by the proper corporate authority, it was binding on the corporation, although the name of the officer affixing the same did not appear thereon, and the allegation of execution by the corporation was good as against the general demurrer.

It is next contended that the transfer of the judgment was insufficient to transfer to the plaintiffs a right of action on the garnishment bond; that the sureties on the bond were not a party to the judgment and there is no privity between the assignee of a judgment and the sureties on the garnishment bond. The defendants rely on the cases of Webb v. Garner & Trigg, 4 Mo. 10, and Forrest v. O'Donnell (Mich.) 4 N. W. 259. In the Webb Case it was held that the liability of the parties was upon the bond and not upon the judgment, and the same is true in the instant case. The liability of the defendants in this case is on the bond and not on the judgment, and suit was brought on the bond and not on the judgment. The important question is whether the assignment of the judgment, which does not mention the garnishment bond, is sufficient to assign the right of action on the bond. In Forrest v. O'Donnell, supra, it was held that the assignment of a judgment did not carry with it a right of action on an attachment bond given in the case. This holding was followed in Crist v. McDaniel, 15 Okla. 469, 82 Pac. 901. In that case judgment was recovered in a suit in Cleveland county. Execution was issued to Canadian county and levied on certain property. An injunction suit was filed in Canadian county to enjoin the sale of the property levied upon. A temporary injunction was granted, but was thereafter dissolved, whereupon a bond was given to supersede the judgment dissolving the temporary injunction. Pending the appeal in the injunction case, the judgment in the case in Cleveland county was assigned, and therefore the assignee of this judgment brought suit on the supersedeas bond. The court held that the mere assignment of the judgment did not authorize the assignee thereof to maintain an action upon the bond given in the injunction proceedings, but the general rule applicable to the rights passing with an assignment of a judgment were stated in that opinion in the following language:

"The general rule is that absolute assignment of a judgment passes all the assignor's

assignable rights therein to the assignee, and gives the latter the right to use every remedy, lien, or security available to the assignor, as a means of enforcement thereof; but it may be stated, in a particular application of the general rule, that those rights which thus pass by assignment, along with a judgment, are only such as are vested in the assignor by virtue of that particular judgment, and do not include those arising out of another and different proceeding, although such other proceeding be a contest over a particular method of enforcing the judgment assigned."

In Heisen v. Smith et al. (Cal.) 71 Pac. 180, State ex rel. Yeoman v. Hoshaw (Mo.) 11 S. W. 759, and Schlieman v. Bowman (Minn.) 30 N. W. 879, it was held an assignment of a judgment carried with it the right of action on bonds which constituted a security for the judgment debt; and in Commonwealth v. Wampler (Va.) 7 Ann. Cas. 422, the court well stated the distinction between that character of case and cases like Crist v. McDaniel and Forrest v. O'Donnell, in the following language:

"The distinction as to what does and does not pass by incidental assignment is, in some instances, nice and difficult to draw, but in order for it to pass the incident must, in a legal sense, constitute a security for the debt."

In the instant case the bond was conditioned that the makers thereof would pay any judgment rendered in the action, and was therefore a security for the payment of the judgment debt and passed as an incident to the assignment of the judgment, and the plaintiffs upon the assignment of the judgment were entitled to maintain an action on this bond.

It is finally contended that the petition was insufficient because the action was upon the bond and not upon the judgment, and no assignment of the bond was alleged in the pleadings. The petition set forth facts which we have just concluded constituted an assignment of the bond, and it was not necessary to allege in so many words that the bond had been assigned, since the facts which in law constituted an assignment were pleaded. It is our opinion that the general demurrer to plaintiff's petition was properly overruled. The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.