**MILBURN v. MINERS' & CITIZENS' BANK.**

No. 12935—Opinion Filed April 15, 1924.

(Syllabus.)

1. **Pleading — Failure to Attach Copy of Note—Mode of Objection.**

Under section 287, Comp. Stat. 1921, the allegation of the execution of a promissory note contained in plaintiff's petition will be taken as true unless the denial of such execution is verified by the affidavit of the defendant, his agent or attorneys. Where a suit is brought to recover on a promissory note, the plaintiff is required to attach a copy of the note to his petition by section 297, Comp. Stat. 1921, but a failure to attach the same does not render the allegations as to the execution of the note a nullity, but is simply a defect in the pleading which may be reached by motion, but not by demurrer, or by disregarding the provisions of section 287, requiring a verified denial.

2. **Bills and Notes — Pleading — Execution by Corporation.**

An allegation that a promissory note was executed by a corporation is equivalent to an allegation that the person executing the same did so as the duly authorized act of the corporation, as a corporation can execute an instrument only by an agent, and unless the person executing the same for the corporation had authority to do so, it would amount to no execution at all by the corporation.

3. **Same—Proof—Lack of Verified Denial.**

Where the petition of the plaintiff alleged that a note was executed by a corporation, and the defendant did not file a verified denial of the execution of such instrument, it is unnecessary to make proof that the note was executed under proper corporate authority.

4. **Same—Liability of Defendant Attaching Name of Corporation as Maker.**

Where the name of a corporation as a maker of a note is attached by the defendant, who also indorsed the note, the defendant is liable as an indorser of the note under section 7734, Comp. Stat. 1921, whether the name of the corporation was signed with or without authority.

5. **Bills and Notes—Consideration—Pre-existing Debt.**

A note executed in consideration of an antecedent or pre-existing debt is supported by a valuable consideration.

6. **Same—Holders for Value — Liability of Accommodation Indorsers.**

Under section 7699, Comp. Stat. 1921, an accommodation indorser of a promissory note is liable to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be an accommodation party, and he cannot set up lack of consideration as a defense in an action brought by such holder for value.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Miners' & Citizens' Bank against L. J. Milburn. Judgment for plaintiff, and defendant brings error. Affirmed..

Stuart, Sharp & Cruce, for plaintiff in error.

Burns, Toney & Stephens, for defendant in error.

COCHRAN, J. Miners' & Citizens' Bank brought suit against L. J. Milburn, as an indorser on a promissory note executed by the Yellow Rose Mining Company. From a judgment rendered in favor of the plaintiff, the defendant has appealed.

The defendant contends that there was no liability on him as an indorser of the note, because there was no proof offered showing that the note was executed by authority of the corporation, the maker of the note. The petition alleged that the note was duly executed by the Yellow Rose Mining Company, and this allegation of the petition was not denied by a verified answer, and is therefore taken as true. The defendant contends that as a copy of the note sued on does not appear to have been attached to the petition as required by section 297, Comp Stat. 1921, that the allegation of the execution thereof in the petition is not to be taken as true, and that it was not necessary to deny the same by verified answer. The necessity for filing a verified answer in. order to put in issue the execution of a written instrument does not depend upon compliance with section 297 of the statute. The failure to attach the note did not render the allegation as to execution of the instrument a nullity, but was simply a defect in pleading which could be reached on motion, but not by demurrer or objection to the introduction of the evidence or by disregarding the filing of an answer. Sallisaw v. Shappell, 67 Okla. 307, 171 Pac. 22; Rogers Milling Co. v. Goff, Gamble & Wright Co. et al., 46 Okla. 339, 148 Pac. 1029.

So far as the liability of the indorser was concerned, it was immaterial whether the name of the maker was attached with or without authority. The name of the corporation was affixed by the defendant, who also indorsed the note and is liable as an indorser without regard to the questions of estoppel. Section 7734, Comp. Stat. 1921, provides:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery he is liable in accordance with the following rules:

"First. If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties. * * * *"

The defendant was liable to the plaintiff on this note, even though the corporation was not bound as maker. Edmond v. Rose (N. J. L.) 18 Atl. 748; Leonard v. Draper (Ind. App.) 76 N. E. 644; The St. Albans Bank v. Dillon, 30 Vt. 137; Malladon v. LeFlore (Ark.) 355 S. W. 1102.

The defendant further contends that the note was never complete, so that it could be delivered to the plaintiff. In this connection the defendant refers to certain testimony to prove that the note was signed by the defendant with the understanding that the president of the corporation was to sign the same later for the corporation, and would also indorse the same individually. The testimony of the plaintiff contradicted this testimony and tended to prove that there was no such agreement made and no condition attached to the delivery of the instrument. The testimony of the defendant shows that while the defendant testified that it was agreed that the president and the other directors of the bank would later indorse the note and that the same would be signed for the company by the president, he also admitted that he executed the same for the purpose of permitting the cashier of the bank to immediately use the same prior to the time of its indorsement by any other person or persons, in order to deceive the bank examiner. The testimony of the plaintiff was sufficient to establish the fact that the note was executed and delivered as a binding obligation without regard to its indorsement by any one else.

Defendant further contends that there was no consideration sufficient to support the contract of the defendant, first, because there was no consideration for the execution of the note by the corporation; and second, that the defendant received no consideration for executing the same, but only executed it as an accommodation for the corporation. The bookkeeper of the Yellow Rose Mining Company had executed a note for $650 for the purpose of preventing an overdraft of the corporation with the plaintiff bank. Thereafter checks amounting to the face of the note were paid by the bank out of the fund credited to the corporation by reason of the execution of the said note. The note which is sued on in this action was executed by the defendant as secretary of the corporation, for the corporation, and indorsed by him individually, for the purpose of paying the $650 note which had theretofore been executed by the bookkeeper of the corporation. The defendant contends that there was no consideration for the original note, as it was given to protect against an overdraft, which did not exist and that, as the note sued on herein was given to pay that note, there was no consideration for the original note. It is a valid obligation of the corporation, because the corporation knowingly accepted the benefits thereof, and

at the time the note in controversy was signed the corporation was indebted to the bank in the sum of $650, which has been paid by the bank on checks drawn by the corporation, and paid by the bank for its use and benefit. Had there been no liability on the note executed by the bookkeeper for the corporation, the corporation would still have been liable to the bank for the money which was advanced by the bank for the payment of the checks of the corporation. The note in controversy was executed to pay the indebtedness of the corporation to the bank, and there was a sufficient consideration therefor. As said in Lindsay State Bank v. Forbis. No. 14299, decided Nov. 20, 1923 (pending on rehearing):

"Under section 7696, Comp. Stat. 1921, where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time, and under section 7695, Comp. Stat. 1921, an antecedent or preexisting debt constitutes value."

The plaintiff was a holder for value of this note, and the defendant, having signed the same as an accommodation maker for the Yellow Rose Mining Company, under section 7699, Comp. Stat. 1921, cannot set up lack of consideration to him against such holder for value.

It is contended that the court erred in admitting the note in evidence because the note purports to have been signed for the corporation by the secretary, and no proof was made that the secretary was authorized to execute the instrument, and that the note shows upon its face that it was not the act of the corporation. The petition having alleged that the instrument was duly executed by the corporation, and no verified denial thereof having been filed, such allegation must be taken as true and the note was admissible in evidence as the act of the corporation.

The defendant contends that under the holding of this court in Flusher v. Callahan, 32 Okla. 283, 122 Pac. 489, the allegation of the execution of the instrument by the corporation is not to be considered an allegation that the same was executed under proper authority, and that it was incumbent upon the plaintiff to prove that authority had been given to the secretary to execute the note for the company. We do not so construe the case referred to, and it is our opinion that the allegation that the note was executed by the corporation is equivalent to an allegation that the person executing the same did so as the duly authorized act of the corporation, as a corporation can execute an instrument only by an agent and,

unless the person executing the same for the corporation had authority to do so, it would amount to no execution by the corporation at all. Williamsburg Canning Co. v. Leany (Ky.) 166 S. W. 192; Thomas Garden Milling Co. v. Battis Producing Co. (N. Y.) 100 N. E. 457; Flint & Wellings Machine Co. v. Kenand, 56 N. E. 858; Conaway v. Carnall, 101 Okla. 172, 224 Pac. 523.

The other objections made to the introduction of evidence and which are urged in the brief are immaterial.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, HARRISON, and WARREN, JJ., concur.