## DUPREE et al. v. JORDAN et al.

No. 17301—Opinion Filed Nov. 9, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Judgment—Res Judicata—Action on Replevin Bond—Irregularities Adjudicated.**

In an action against the sureties on a replevin bond, nonjurisdictional irregularities in the form, execution and approval of the bond could and should have been and therefore were adjudicated in the replevin action, since a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies, though the subsequent suit be on a different cause of action.

**2. Same—Judgment for Defendant in Replevin Conclusive on Surety.**

In an action against the sureties on such replevin bond and for failure of the plaintiff to perform the alternative judgment in replevin, such sureties cannot attack the replevin judgment, except for want of jurisdiction of the parties or the subject-matter of the action, and it matters not that such judgment may be erroneous: not having been appealed from, it is final and becomes the law of the case, and the parties are bound thereby.

**3. Replevin—Validity of Bond Executed by Sureties Without Principal.**

Under section 328, C. O. S. 1921, providing that the writ of replevin shall not issue until there has been executed by one or more sufficient sureties of the plaintiff an undertaking not less than double the value of the property, it is not necessary that the plaintiff in a replevin action should also execute such bond, he being liable to perform the judgment of the court without any bond; and the sureties on such bond cannot escape liability in an action on the bond because the principal did not sign the same.

**4. Executors and Administrators—Party in Interest as Plaintiff in Action on Replevin Bond.**

Where a sheriff holds personal property on execution at a suit of an administrator, and the possession of the same is taken from him in a replevin action based on a statutory bond for such purpose, and the alternative judgment in replevin is rendered in favor of such sheriff, the administrator at whose suit such sheriff held such property is the real party in interest in an action against the sureties on the replevin bond.

**5. Replevin—Liability on Bond Upon Failure to Return Property in Reasonable Time.**

It is not necessary that the successful defendant in a replevin action cause a writ to be issued in order to procure a return of the property from the plaintiff before proceeding to enforce the alternative judgment for money, since it is the duty of the plaintiff in such case to return the property to the defendant within a reasonable time after the final judgment. in as good condition as when replevined; and his failure so to do renders the sureties on the replevin bond liable for the full amount of the alternative judgment.

**6. Same — Nature of Action on Bond — Rights and Obligations of Sureties.**

Although a statutory replevin bond is not executed by the principal, an action thereon against the sureties is one ex contractu. In such case, the undertaking of the sureties is independent of the replevin judgment, and such sureties have the right at any time after breach of such bond, either to pay the debt in performance of the judgment, or compel the principal to do so. In such case, the sureties undertake for themselves, not that the obligee of the replevin bond shall see that the principal perform the judgment, but that they, the sureties, will see that the principal performs the judgment.

**7. Limitation of Actions—Action on Bond not Abated by Death of Replevin Judgment.**

Under the foregoing rules, if the action of the obligee in the replevin bond be filed against the sureties thereon within the five-year limitation applicable to such bond, it is no defense to such action that the replevin judgment, for the performance of which such bond was given, be functus officio at the time of trial and rendition of judgment in favor of the obligee against such sureties on the replevin bond.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by Watie Jordan and T. J. Jordan. administrator of the estate of James M. Bell, deceased, against Elmer Dupree et al. From judgment for plaintiffs, defendants appeal. Affirmed.

W. H. Kornegay, for plaintiffs in error.

Ad V. Coppedge and Jess L. Ballard. for defendants in error.

Opinion by ESTES, C. Delia P. Jordan,

administratrix of the estate of James M. Bell, deceased, had recovered a judgment against S. L. Sager, and, on execution thereon, Dave Israel, as sheriff of Delaware county, had levied on certain personal property as the property of the judgment debtor, S. L. Sager, and had placed same in the possession of Watie Jordan as custodian. On October 17, 1917, L. D. Sager, a minor, by his next friend, Sarah J. Sager, and Sarah J. Sager sued in replevin, said Israel, sheriff, and Watie Jordan, custodian, for the possession of the property held by said sheriff under said execution. Said plaintiffs alleged that they were the absolute owners of the property and therefore entitled to the possession thereof. There was filed with the clerk and approved by him on said day, a replevin bond, not signed by said plaintiffs as principals, but signed and justified by plaintiffs in error, defendants herein. Elmer Dupree, W. R. Stewart, E. V. Hardy, and Jacob Dubois. The bond recited that, whereas the plaintiffs, the Sagers, have commenced an action against said defendants. said sheriff and Watie Jordan, for the recovery of the possession of certain personal property belonging to the plaintiffs and described in the petition, and have filed in said court their affidavit, as required by law, to procure an immediate delivery of the property—

"Now we, the undersigned, undertake to said defendants in the penal sum of $5,000 for the payment of which we bind ourselves, our heirs. administrators, and assigns jointly and severally. Conditioned that said plaintiffs shall duly prosecute the above-styled action. and pay all costs and damages that may be awarded against them, and if a return of the property delivered to them be adjudged. that they will return the same to the defendant."

Thereupon the writ issued and the property was delivered to the plantiffs on October 20, 1917. On June 16, 1919, the cause was tried and judgment rendered on three verdicts, awarding a portion of the property to each of the plaintiffs and a portion thereof to the defendants and finding the values of each portion so awarded. The court found that all the property had been delivered to the plaintiffs, that the defendants, Israel. the sheriff. and Watie Jordan, were entitled to the return of the property so awarded to them, and in case a return could not be had, that they were entitled to the value thereof in the total sum of $1,577.33, together with interest at six per cent. from October 20, 1917, and rendered judgment in favor of said defendants accordingly in the alternative. No appeal was taken from this judgment, and the same became final. According to this record, plaintiffs, the Sagers, never did return the property or any part thereof thus awarded to the defendants, and no execution to enforce said judgment was ever issued or caused to be issued by the defendants or their successors in interest. On March 8, 1923, T. J. Jordan, as administrator of the estate of James M. Bell, deceased, the former administratrix having died, and said Waite Jordan filed the instant action against said sureties on said bond. Their petition recited the different steps in the proceeding in the replevin action, including the giving of said replevin bond, consummating in said replevin judgment. They alleged that the plaintiffs in the replevin action, the Sagers, had failed to return the property for which judgment was rendered after demand made therefor, and demand made upon the sureties. and prayed judgment for the value of said property so adjudged to said defendants in the replevin action and interest. Defendants pleaded numerous grounds of defense in their answer. They alleged that plaintiff allowed the property to remain in the possession of the Sagers after the rendition of said replevin judgment of June 18, 1919, and ever since said date, and had allowed the judgment in replevin to become dormant and dead, and sued out no execution on said judgment. and pleaded the five-year statute of limitations against said judgment as a bar to the instant action on the bond. They especially alleged that because the replevin judgment was dormant, all rights of Dave Israel as sheriff and Watie Jordan as custodian of the property, and the present administrator, if he were the successor in interest of said sheriff, to enforce payment of the replevin judgment, had ceased, and that therefore this action on the bond was barred. The court sustained the demurrer of plaintiffs to all the defenses alleged by defendants, except their plea non est factum. At the conclusion of all the evidence, plaintiffs, and also defendants, moved for an instructed verdict. The court denied the motion of defendants, and sustained the motion of plaintiffs, and rendered judgment for them for the amount claimed on the replevin bond. Defendants have duly appealed and make very numerous assignments of error. Defendants duly excepted. to the sustaining of the demurrer of plaintiffs to the numerous defenses of their answer, and bring these questions by special assignments in petition in error, in addition to the alleged errors on the trial on their one remaining defense, that they did not execute the bond.

1. Defendants point out numerous irregularities in the replevin bond, that the sure-

ties justified before a notary public instead of the court clerk, that the sureties did not sign in the office of, and before, the clerk, and the like. The original bond was lost and same was sought to be established by secondary evidence as hereinafter discussed. Defendants admitted that they signed the instrument purporting to be the bond as shown by the secondary evidence. It recited that said Sagers had commenced said replevin action, and contained substantially the statutory conditions infra. Defendants also complain that the execution, on which defendant sheriff held the property at the time plaintiffs instituted replevin, expired under the statute in 60 days, and that, therefore, when the replevin action was tried in 1919 there was no right in the sheriff to the possession, and thus there could be no judgment on this bond. It is manifest that these, and similar questions raised, could and should have been, and therefore were adjudicated in the replevin action. If the replevin bond was insufficient to support the action, that was a matter to be determined in that action. The very thing determined was that the defendant sheriff was entitled to the possession of the property. The assignments of error involving these matters simply assume the right to relitigate these questions. It is elementary that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction, cannot be disputed in a subsequent suit between the same parties or their privies, though the subsequent suit be on a different cause of action.

2. Defendants contend that no writ of replevin was ever sued out, and that the property was never obtained under the writ, and that the sheriff did not deliver the property to the plaintiff in the replevin action. In that action all the parties treated the property as being in possession of the plaintiffs, the Sagers, and the court particularly so found. The sureties cannot relitigate this question in an action on the replevin bond by which the Sagers did obtain such possession. In such case the sureties on the replevin bond cannot attack the judgment, except for want of jurisdiction of the parties and the subject-matter of the action, and it matters not that such judgment may be erroneous. Not having been appealed from, it is final and becomes the law of the case and the parties are bound thereby. U. S. Fid. & Guar. Co. v. Harmon et al., 92 Okla. 167, 218 Pac. 682.

3. It is contended that the instrument sued on is not a bond because the principals, the Sagers, did not sign the same. Section 328, C. O. S. 1921, is:

"Undertaking for Delivery. The order shall not be issued by the clerk until there has been executed in his office by one or more sufficient sureties of the plaintiff to be approved by the clerk, an undertaking in not less than double the value of the property, as stated in the affidavit, to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him, and if the property be delivered to him, that he will return the same to the defendant, if a return be adjudged."

By the very language of this statute, the undertaking is to be executed "by one or more sufficient sureties of the plaintiff." Said statute does not require the replevin bond to be signed by the principal. We take it that the principal is bound to return the property if such return be adjudged, without executing a bond to impose such duty. The rule applicable is stated in 34 Cyc. 1445:

"It is sufficient in the replevin action if the bond is signed by the surety only, if the statute does not require more than a bond with sureties, plaintiff in replevin being liable without any bond, and the sureties cannot escape liability in an action on the bond because the principal did not sign it."

4. It is assigned as error that no attempt was ever made to substitute the plaintiff, the administrator of Bell's estate in the execution, in lieu of the sheriff or his custodian of the property, Watie Jordan. Mrs. Jordan was the administratrix of the estate of Bell at the time the sheriff held the property under execution at her suit. She was such at the time judgment was rendered in replevin against the Sagers and in favor of the sheriff and Watie Jordan. Thereafter she died, and defendant in error T. J. Jordan, became her successor in office. No substitution of the administratrix, Mrs. Jordan, for the sheriff was necessary in the replevin action. No question of revivor is involved. On the face of the matter, the sheriff was simply acting as such officer upon an execution at the suit of the administratrix. It is clear, under the statute requiring an action to be brought in the name of the real party in interest, that Mrs. Jordan, as administratrix, succeeded to the rights of the sheriff in the replevin judgment, that is, the right to sue on the bond, and she having died, this right inured to T. J. Jordan, her successor in office. See 34 Cyc. 1598, for authorities and discussion of analogous principles. The replevin judgment was also in favor of Watie Jordan, who was custodian under the sher-

ing.

iff, and Watie Jordan is a plaintiff in this action on the replevin bond. Whatever his actual interest in the property was, does not affect the identity of the parties in interest and is not here involved.

5, 7. The contention of the defendants that the judgment in the replevin action was barred when the present action was brought as well as when the same was tried, is more serious. The replevin action was filed in 1917. Judgment was not rendered for the defendants in that case until June, 1919. The instant action on the bond given by the defendants herein, as sureties, in 1917, was filed March 8, 1923, and judgment in the instant action was not rendered against said sureties on said bond until October 12, 1925, being nearly six years and four months after the date of the judgment in the replevin action. It thus appears that the replevin judgment, at the time judgment herein was rendered against the sureties on the bond, had not only passed through the dormant state of judgment, but was functus officio, because the same was never kept alive by the issuance of execution. The question then recurs, Can a judgment be rendered against the sureties on a replevin bond, the terms of which are in the very language of the statute, for the performance of the replevin judgment after the replevin judgment is dead? At the time the instant action on the bond was filed, 1923, the replevin judgment was neither dead nor dormant. In Rourke v. Bozarth, 103 Okla. 133, 229 Pac. 495, the action was upon a supersedeas bond for an appeal to this court. In the body of the opinion it is said that the action was on the appeal bond, and the wrong alleged was the failure of the defendants to perform the final judgment of the district court according to the terms of the bond. It was held that the action was ex contractu. Defendants in the case at bar, the sureties, undertook in the very language of the statute that the Sagers would return the property to the defendant in that action, "if a return be adjudged," and that they would pay all the costs and damages that might be awarded against the Sagers. In short, their bond is indemnity for the performance of the replevin judgment. Under Gerber et al. v. Wehner, 96 Okla. 48, 220 Pac. 648, it was not necessary that the defendants in the replevin action, or their successors in interest, cause a writ to be issued in that action in order to procure a return of the property to them, before proceeding to enforce the money judgment, or before proceeding to file suit on the replevin bond, be-

cause it was the duty of the plaintiffs, the Sagers, to return the property to the defendants within a reasonable time after the judgment in as good condition as when replevined; and their failure so to do renders the sureties on the replevin bond liable for the full amount of the alternative judgment. The cause of action thus accrued upon the replevin bond in favor of the defendants in the replevin action immediately upon such failure of the Sagers to deliver the property. Well within the five-year statute of limitation applicable to suit on the bond, the instant action was filed in 1923. Since this is an action on the bond as an independent undertaking of the sureties that the Sagers would perform the replevin judgment, the rights of the obligees in the bond cannot be affected by the fact that the replevin judgment was functus officio in 1925, when the instant action was tried and judgment rendered on the bond. We have no statute requiring the obligee in a replevin bond to seek satisfaction by execution on the replevin judgment against the principal in the bond before pursuing the sureties. When these sureties were sued in 1923, the replevin judgment then being alive, they could have invoked the equitable remedy of subrogation against the Sagers. They sought no relief in this behalf, and the fact that they did not cannot avail to relieve them from their undertaking. The general rule that whatever discharges the principal discharges the sureties is not applicable, because this bond, so as aforesaid, is the independent undertaking of the sureties. Speaking generally, a surety is not discharged merely because the cause of action against the principal is barred. 32 Cyc. 223. In Nelson v. First Nat. Bank of Killingley, 69 Fed. 798, 16 C. C. A. 425, although the action involved a principal and surety on a promissory note, the rule is announced that a surety is not discharged by mere delay of the creditor in enforcing his remedy against the principal until it has become barred by the statute of limitation, when no agreement to extend the time of payment has been made, and the surety has the right at any time either to pay the debt and enforce payment from the principal, or to compel the principal himself to pay the debt. The court observed in that case that the surety assumed for himself the liability of his principal, and that the contract of suretyship was not that the creditor would see that the principal pays the debt, or performs the obligation, but that the surety would see that the principal pays or performs. Likewise, here, the obligation of the

sureties was not that the defendants in the replevin action would see that the Sagers returned the property, but that the sureties would see that the Sagers so did. In Conoway et al. v. Carnall et al., 101 Okla. 172, 224 Pac. 523, it is held in an action brought to recover on a bond given to release funds held under garnishment that the bond is the basis of the suit, and not the judgment in a civil action.

It is contended that the defunct state of the replevin judgment at the time of the trial and judgment on the replevin bond, defeats recovery thereon under the authority of Miller v. Melone, 11 Okla. 241, 67 Pac. 479, and McGinnis v. Seibert, 37 Okla. 272, 134 Pac. 396. The first case involved a proceeding ancillary to the judgment for the purpose of reaching certain choses in action to be applied in the payment of the judgment. It was held that if, pending such action, the plaintiff's judgment became dormant, such action must fail. This case is clearly distinguishable from the case at bar, in that the said ancillary proceedings which abated by the death of the judgment in the Miller Case grew directly out of, and were bottomed and dependent upon, the original judgment, whereas the instant action was the assertion of a right existing against the sureties independent of the replevin judgment. Likewise, said McGinnis Case, holding that the lien of a judgment cannot be foreclosed after the judgment is dead, although the proceedings to foreclose had been begun prior to the death of the judgment, is distinguishable, for that the right to foreclose the judgment lien was not the assertion of a right independent of the judgment, but was dependent thereon.

Some of the sureties testified without objection that they signed the bond on condition that the Sagers also sign same. Their only defense pleaded in this behalf was "that they never executed the bond sued on." Assuming, without deciding, that their pleading could be amended to conform to this proof, this evidence would not justify the submission of the case to the jury on the invalidity of the bond, because defendants did not plead, nor is there a scintilla of evidence that the defendants in the replevin action knew of, such conditional signing.

"If a surety has agreed to be bound only upon the performance of a condition which is known to the obligee, he is not liable unless such condition has been performed. But if the condition is not known to the obligee, the better rule is that a breach thereof does not relieve the surety from liability." 32 Cyc. 44.

Indeed, the approval of the bond was the statutory duty of the court clerk, in the case at bar, of which the defendants in the replevin action had no notice or knowledge.

It transpired in the trial that the replevin bond was lost from the office of the court clerk. After the replevin judgment was rendered, the Sagers, although not perfecting their appeal, caused a transcript of the evidence to be made, serving a copy of the case-made on the attorneys for defendants. It is a fair statement of the record to say that the attorney for defendants admitted that the form of the replevin bond, shown in the copy of the case-made, was a correct copy of the replevin bond filed. This was introduced in evidence after the foundation for the introduction of secondary evidence was reasonably laid, while defendants substantially admitted that they signed the document so shown. We find no error in this behalf, and the contention of defendants that there should have been a special proceeding for restoration of this record is untenable. We have diligently examined both the record and the law on the strenuous insistence of error by counsel for defendants, both in his oral argument and brief. We conclude there was no prejudicial error in sustaining the demurrer of plaintiffs to all the defenses of the answer, except non est factum, and that there was no error in sustaining the motion of plaintiffs for directed verdict.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 869, §1282; 34 Cyc. p. 1594. (2) 34 Cyc. p. 1586. (3) 34 Cyc. p. 1445. (4) 34 Cyc. p. 1597. (5) 34 Cyc. p. 1552 (Anno); p. 1592. (6) 32 Cyc. pp. 248, 256; 34 Cyc. pp. 1444, 1590 (Anno). (7) 34 Cyc. p. 1594 (Anno).