## SHACKELFORD v. GOODNIGHT.

No. 12633—Opinion Filed Jan. 15, 1924.

1. Appeal and Error—Insufficiency of Evidence—Objections Below.

Where the plaintiff submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial.

2. Same—Grounds for New Trial.

A motion for a new trial upon the ground "that the verdict is contrary to law," because of the insufficiency of the evidence (considered for the purposes of the case as sufficient to raise the question), adds nothing to the further ground, urged in connection therewith, that the verdict is not sustained by sufficient evidence.

3. Same—Necessity for Demurrer to Evidence or Motion for Directed Verdict.

The proper mode of raising the objection that the evidence is insufficient to authorize a recovery is by demurrer to the evidence, or by motion or request for a directed verdict in favor of the party objecting, or, in some jurisdictions, by motion for a nonsuit or dismissal. As a rule, such demurrer, request, or motion is necessary in order that the objection may be considered on appeal.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by A. L. Shackelford against Frank L. Goodnight for breach of contract, and cross-petition of defendant for debt and damages upon contract. Judgment for defendant, and plaintiff brings error. Affirmed.

Loofbourrow & Loofbourrow, for plaintiff in error.

Stacy Wells, for defendant in error

Opinion by THOMPSON, C. This action was commenced in the district court of Beaver county, Okla., by A. L. Shackelford, plaintiff in error, as plaintiff below, against Frank L. Goodnight, defendant in error, as defendant below, for damages for breach of contract for lease of pasture land to plaintiff in error by defendant in error for the purpose of pasturing his cattle thereon.

The parties to this action will be referred to as plaintiff and defendant, as they appeared in the lower court.

Plaintiff claimed that he, by oral contract, rented two pastures from the defendant on the 17th day of June, 1919, together with a ranch house and improvements thereon, and was to pasture approximately 1,000 head of two-year old steers in said pastures from the 1st day of November, 1919, to the 1st day of May, 1920, and was to pay at the rate of $1 per head per month; that he placed certain cattle therein and that defendant breached the contract by refusing to reduce the verbal contract to writing and refused to permit the plaintiff to pasture his cattle at said ranch; that he had to remove the said cattle out of the pasture to another place, and that he had been damaged in the sum of $20,000, for which he asked judgment and prayed for an order restraining defendant from interfering with plaintiff in caring for the cattle and removing them from the pasture, which restraining order was granted.

The defendant answered by general denial, but admitted the contract to pasture, and set up a counterclaim for $1,000 for overstocking the pastures; that defendant took away 15 head of cattle of the value of $1,000, and that plaintiff owed him $3,000 initial payment of the winter pasture bill, and asked for judgment against the plaintiff in the sum of $10,646.98.

The plaintiff replied by way of general denial.

The case was tried to a jury and a verdict returned in favor of the defendant in the sum of $1,900. Judgment was rendered on the verdict in the sum of $1,900 and costs.

A motion for new trial was filed upon the ground, among others, as follows:

"That the verdict of the jury is not supported by the evidence. That the evidence is not sufficient to sustain the verdict. That the court erred in rendering judgment on the verdict."

And this is the only ground presented and argued by attorneys for plaintiff in their brief.

The motion for new trial was overruled, exception reserved and plaintiff appeals from said judgment.

The only ground urged by attorneys for plaintiff is that the verdict is not supported by the evidence, and that it is not responsive to the evidence, pleadings, and instructions of the court.

The record discloses that the case was tried to a jury; that there was no objection to the evidence presented, or exception saved; that there was no demurrer filed by plaintiff to the evidence; that there was no request filed by plaintiff for an instructed verdict, nor was the sufficiency of the evidence to support the verdict attacked in any way, except in the motion for new trial.

It is the opinion of the court that nothing is presented for review by this court by the record in this case.

This court, in the case of Norman v. Lambert, 64 Okla. 238, 167 Pac. 213, held:

"Where the plaintiff submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial.

"A motion for a new trial upon the ground 'that the verdict is contrary to law,' because of the insufficiency of the evidence (considered for the purposes of the case as sufficient to raise the question), adds nothing to the further ground, urged in connection therewith, that the verdict is not sustained by sufficient evidence."

And, in the body of the opinion, Chief Justice Sharp used this language:

"The proper mode of raising the objection that the evidence is insufficient to authorize a recovery is by demurrer to the evidence, or by motion or request for a directed verdict in favor of the party objecting, or, in some jurisdictions, by motion for a nonsuit or dismissal. As a rule, such demurrer, request, or motion is necessary in order that the objection may be considered on appeal. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739; Ruthledge v. Jarvis et al., 60 Okla. 66, 158 Pac. 586."

And, in the very case cited by attorneys for plaintiff, of Meyers v. Hubbard et al., 80 Okla. 97, 194 Pac. 433, it was held:

"Where plaintiff submits his case to the jury without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial."

And, in the recent case of Henderson v. Todd, 91 Okla. 18, 215 Pac. 607, this principle of law has been reaffirmed.

We are, therefore, of the opinion, in the absence of any demurrer to the evidence having been filed in this cause, and no request for an instructed verdict having been made, and on other means having been resorted to, legally attacking the sufficiency of the evidence, in the light of the above authorities, no error is properly presented to this court for review by plaintiff's motion for new trial, and the judgment of the lower court, therefore, should be, and is hereby, affirmed.

By the Court·   It is so ordered.