**PIERCE OIL CORPORATION v. TIPTON et al.**

No. 13595—Opinion Filed Sept. 16, 1924.

**1. Trial—Demurrer to Evidence—Motion to Direct Verdict—Consideration.**

Upon consideration of a demurrer to plaintiff's evidence, and motion for a directed verdict, all facts and inferences in conflict with the evidence against which the action is to be taken, must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the demurrer to the evidence and motion for a directed verdict is leveled. Pierce Oil Corporation v. Puckett et al., 99 Okla. 228, 226 Pac. 364.

**2. Same—When Overruled.**

Where there is any competent evidence offered by the plaintiff, reasonably tending to establish plaintiff's cause of action alleged in his petition, and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled. Pierce Oil Corporation v. Puckett et al., supra.

**3. Trial—Instructions—Mere Technical Defects.**

Where an instruction is given to the jury by the trial court which is not technically correct, but, when taken and considered with all the other instructions given, it does not reasonably appear that the rights of the complaining party were prejudiced thereby, the giving of such instruction will not be held to constitute reversible error. Pierce Oil Corporation v. Puckett et al., supra.

**4. Same—Sufficiency of Court's Charge— Refusal of Requests.**

Where requested instructions embody a correct statement of the law, and are refused by the trial court, the refusal thereof will not constitute reversible error where the instructions given fairly submit the issues made by the pleadings and the evidence adduced upon the trial, to the jury. Pierce Oil Corporation v. Puckett et al., supra.

**5. Judgment Sustained.**

Record examined; and held, that the defendant was not denied any substantial right upon the trial; and held, there is competent evidence in the record reasonably tending to establish plaintiff's cause of action as alleged in his petition, and reasonably tending to support the verdict and judgment for the plaintiff; and held, that the issues made by the pleadings and the proof were fairly submitted to the jury, and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by G. V. Tipton against Pierce Oil Corporation and Dewitt Snell for damages for personal injury. Judgment for plaintiff against Pierce Oil Corporation, and it appeals. Affirmed.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiff in error.

J. M. Bishop and R. N. Linville, for defendant in error G. V. Tipton.

Opinion by SHACKELFORD, C. The defendant in error was plaintiff below, and the plaintiff in error was defendant below, and for convenience will be referred to herein as plaintiff and defendant as they appeared in the trial court.

This action was commenced in the district court of Beckham county against Pierce Oil Corporation and Dewitt Snell to recover damages for personal injuries sustained by plaintiff by reason of an explosion of a can of illuminating oil purchased of defendant Dewitt Snell, and which had been furnished him by the defendant Pierce Oil Corporation. It is alleged in the petition that on or about the 20th day of December, 1920, plaintiff bought of Dewitt Snell five gallons of kerosene oil for domestic purposes and that it had a greater specific gravity than 74 degrees at a temperature of 60 degrees Fahrenheit, and was highly explosive and very dangerous; that the oil so bought had a flash temperature of much less than required by law; that he bought it believing that it was safe to use for lighting purposes and for kindling fires, and bought it for that purpose; and that in attempting to kindle a fire with it by pouring a small quantity upon some wood and touching a match to it, an explosion resulted and plaintiff was burned and confined to his bed for six weeks to his personal injury and damage in the amount of $3,000; that the oil so bought had been furnished to defendant Snell by the Pierce Oil Corporation; and that the defendants were negligent in failing to have the oil inspected and sold the same to him without proper inspection; and that because of such negligence he received his injuries, and prays judgment. The answer of the defendant Pierce Oil Corporation was a general denial and plea of contributory negligence; and Snell, the other defendant, answered to the same effect. The plaintiff replied by general denial.

The case was called for trial on the 11th day of February, 1922, and tried to a jury, resulting in a verdict and judgment for plaintiff in the sum of $2,000 against Pierce

Oil Corporation, and the verdict was in favor of the defendant Snell.

The defendant Pierce Oil Corporation appeals, and presents its assignments of error under the following propositions.

(1) "The court should have instructed a verdict for the Pierce Oil Corporation."

(2) "The court erred in declining to give our requested instruction No. 2."

(3) "The court erred in refusing to give our requested instruction No. 3."

(4) "The court erred in giving the fifth instruction to the jury."

The plaintiff's evidence tends to prove that on the 20th of December, 1920, he purchased five gallons of oil for illuminating and lighting purposes in his home, and took it home for that purpose; that shortly afterwards he undertook to kindle a fire with a small portion of this oil which he had poured into a gallon jug; that he struck a match to some kindling and poured a small amount of the oil on the kindling and it began to burn, and he closed that eye in the stove and fixed to start a fire in another part or under a different eye of the stove, and placed the kindling and started to pour on some of the oil and an explosion resulted and knocked the bottom out of the jug and the oil ran out on his leg and feet and he was badly burned; that he was using the oil as he had used other kerosene before, and as his neighbors had used it and as it was customary to use it without danger of explosion. Several witnesses testified as to the practice and custom of using kerosene in the same or a similar manner without an explosion occurring. The oil was bought from Snell, who had gotten it from the Pierce Oil Corporation. That it was delivered to Snell by a boy named Hapgood. Others bought oil out of the same lot delivered to Snell by the defendant Pierce Oil Corporation, and when using it as they had used kerosene before with safety, explosions resulted. It was shown that when the flash test was applied to this particular lot of oil of Mr. Snell's, it flashed at 77 degrees temperature when it should have been at least 110 temperature; that it was too highly explosive. The deputy oil inspector testified that he could not tell from his inspection what it was; but it was too highly explosive. There was testimony that sometime in November the inspector had inspected and tested a carload of oil for the defendant Pierce Oil Corporation and it was on this inspection that defendant relied for an inspection and testing of the oil that was delivered to Snell out of which plaintiff got his five gallons, some

of it producing the explosion. If the carload inspected was standard kerosene it must have been a different lot than was delivered to Snell, for when the inspector examined it he found it too highly explosive and not standard kerosene. It seems that Mr. Snell had to rely upon the test and inspection made by the Pierce Oil Corporation. There was sufficient evidence to require submitting the question of fact to the jury under the rule often announced by this court, and reannounced in Pierce Oil Corporation v. Puckett et al., 99 Okla. 228, 226 Pac. 364., where it was held:

"Upon consideration of a demurrer to plaintiff's evidence, and motion for a directed verdict, all facts and inferences in conflict with the evidence against which the action is to be taken, must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party against whom the demurrer to the evidence and motion for a directed verdict is leveled."

"Where there is any competent evidence offered by the plaintiff, reasonably tending to establish plaintiff's cause of action alleged in his petition, and which would reasonably tend to support a verdict and judgment for plaintiff, defendant's demurrer to the evidence and motion for a directed verdict should be overruled."

The other questions raised are as to certain instructions given and refused. We have carefully examined the instructions given to the jury by the trial court, and have concluded that the instructions given, when, taken as a whole, properly submitted the questions of fact to the jury, including the question of contributory negligence of the plaintiff. Some of the instructions, standing alone and considered without reference to other instructions, perhaps are not technically correct statements of the law, but when the instructions are taken together they fairly state the law of the case, and could not have been misleading to the jury; and the court made it plain that the instructions given were to be taken and considered together as a whole.

The case under consideration is a companion case to Pierce Oil Corporation v. Puckett et al., supra. The rules announced in that case as to the instructions given and instructions requested and refused have equal application here. In the Puckett Case, supra, it was held that:

"Where an instruction is given to the jury by the trial court which is not technically correct, but, when taken and considered with all the other instructions given, it does not reasonably appear that the rights

of the complaining party were prejudiced thereby, the giving of such instruction will not be held to constitute reversible error."

"Where requested instructions embody a correct statement of the law, and are refused by the trial court, the refusal thereof will not constitute reversible error, where the instructions given fairly submit the issues made by the pleadings and the evidence adduced upon the trial, to the jury."

We have carefully examined the record in this case, and have concluded that the cause was fairly tried and properly submitted to the jury, and the verdict and judgment are reasonably supported by the evidence adduced at the trial. The errors complained of do not require or justify a reversal of the judgment of the trial court.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.