**FEDERAL NAT. BANK v. SARTIN et al.**

No. 15582—Opinion Filed March 30, 1926.

Rehearing Denied May 4, 1926.

(Syllabus.)

**1. Appeal and Error—Necessity for Objections at Trial—Sufficiency of Evidence.**

In a law action, where the defendant has assumed the burden of proof and the plaintiff submits its case to the jury, without demurring to the evidence or asking an instructed verdict and the sufficiency of the evidence is not challenged until a motion for new trial is filed, the question of whether there is any evidence reasonably tending to support the verdict for de.endant will not be considered on appeal.

**2. New Trial—Newly Discovered Evidence —Requisites.**

The rules regarding the granting of new trials on the ground of newly discovered evidence require that the evidence comply with the following conditions: First, it must be such as will probably change the result; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; fifth, it must not be merely cumulative to the former evidence; sixth, it must not be merely to impeach the former evidence.

**3. Same—Failure to Ask for Continuance for Absence of Evidence.**

A party will not be entitled to a new trial upon the ground of newly discovered evidence, where he knew of the absence of the evidence at the time of going to trial, unless it appears that such party took proper legal steps to procure a continuance or delay of the trial on account of the absence of the evidence.

**4. Same—Lack of Diligence.**

Record examined, and held, that party moving for new trial on account of newly discovered evidence has not shown diligence.

Error from District Court, Seminole County; Enloe V. Vernor, Assigned Judge.

Action by the Federal National Bank of Shawnee, Okla., against John W. Sartin et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Stuart, Sharp & Cruce and W. L. Chapman, for plaintiff in error.

Hart & Banta, for defendants in error.

MASON, J. The plaintiff in error was plaintiff, and the defendants in error were defendants in the trial court, and the parties

will be referred to herein as they there appeared.

The defendants were engaged in the auto-mobile and garage business, and in the the course of such business had indorsed with recourse a large number of notes to the Security State Bank of Shawnee. Thereafter, the defendants executed and delivered their note for $8,325.61 to said bank, which was secured by mortgage. Sometime after that, the Security State Bank of Shawnee failed and was taken over by the State Banking Department, which commenced this action against the defendants to recover the balance alleged to be due on said note for $8,325.61 and to foreclose the mortgage securing the same. The assets of said bank were then taken over by the Guaranty State Bank, which was subsequently taken over by the Federal National Bank, which was substituted as the plaintiff in this action.

For defense, the defendants contend that the note sued on had been executed by them to take up all the smaller notes which they had indorsed to the bank, but that said smaller notes, together with other notes owned by the defendants, had been left with the bank for collection; that the amounts collected on said notes by the bank exceeded the amount alleged to be due on the note sued on; that the bank had converted a large number of said notes of the defendant, the value of which far exceeded the balance due on the note sued on.

The defendants allege that plaintiff was in possession of all the records relative to dates and amounts of said payments, and refused to allow defendants or their attorneys to examine the same, and demanded that plaintiff produce all said records at the trial of the cause. The defendants contended that the note sued on had not only been paid in full, by reason of such collections, but that the plaintiff was indebted to the defendants in the sum of approximately $14,000, for which the defendants pray judgment in their cross-petition.

The contention of the plaintiff bank is that the note involved in this suit has been duly credited with all payments made thereon, and that the other notes were sold to the Security State Bank and indorsed with recourse, by the defendants and belonged to and are the property of the plaintiff bank, and that the note here involved was given to cover an overdraft of John W. Sartin at the time of its execution.

The issues thus joined were submitted to

a jury. The defendants, having admitted the execution of the note sued on, assumed the burden of proof. The plaintiff upon the conclusion of the evidence did not demur to the evidence of the defendants, or ask a directed verdict in its favor or otherwise attack the sufficiency of the defendants' evidence. The jury returned a general verdict for the defendants, upon which the court rendered judgment.

The plaintiff has perfected its appeal to this court, and, for reversal, first contends that the evidence is insufficient to support the judgment of the trial court.

Having acquiesced in the submission of the issues in this case to the jury without interposing a demurrer to the defendants' evidence, and without having asked for a directed verdict, the plaintiff is precluded from saying upon appeal that the evidence is insufficient to support the verdict of the jury in favor of the defendants, or that there is no evidence reasonably tending to support the verdict of the jury. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott. 50 Okla. 757, 151 Pac. 484; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Shackleford v. Goodnight, 94 Okla. 297, 222 Pac. 514; Smith et al. v. Ferguson et al., 96 Okla. 150. 221 Pac. 447; Milburn et al. v. Miners & Citizens Bank, 101 Okla. 281, 226 Pac. 44.

The latest pronouncement of this court is in the case of Beatty et al. v. Moore, 113 Okla. 105, 239 Pac. 570, wherein Mr. Justice Clark, speaking for the court, states the rule as follows:

"Where the defendant submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the verdict is not presented for review by defendant's motion for a new trial."

In Smith v. Ferguson. supra, in an opinion by Mr. Justice Branson, the rule is stated as follows:

"This court reviews errors of law only, and where an assignment of error is that the evidence was insufficient to sustain the verdict o. the jury in an action at law, its alleged insufficiency must have been presented first to the trial court by demurrer to the evidence or motion for directed verdict. If such was not done, its sufficiency as a matter of law cannot be considered here."

It is next urged that the trial court committed reversible error in overruling plaintiff's motion for a new trial on the grounds of newly discovered evidence. The motion was based upon the affidavit of Joe S. Ellis, cashier of the plaintiff bank, to the effect that since the trial of said cause additional records of the Security State Bank, as well as letters and documents of the defendants, had been discovered among the effects of the Security State Bank in the office of the State Bank Commissioner.

The rules regarding the granting of new trials on the ground of newly discovered evidence require that the evidence comply with the following conditions: First, it must be such as will probably change the results if the new trial be granted; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; fifth, it must not be merely cumulative evidence; sixth. it must not be merely impeaching or contradictory of the former evidence. First National Bank of Taloga et al. v. Farmers' State Guaranty Bank of Thomas, 62 Okla. 30, 161 Pac. 1063. If the alleged newly discovered evidence was lacking in either of the foregoing requisites, the trial court properly overruled plaintiff's motion.

It appears from the record that. Joe S. Ellis, who made the affidavit relied on, was cashier of the Security State Bank of Shawnee from about 1914 to the time it was taken over by the Banking Department; that after the assets of said bank were taken over by the Guaranty State Bank he was its cashier, and that he was cashier of the Federal National Bank, plaintiff herein, after it took over the Guaranty State Bank. It also appears that he handled the note sued on and the transactions with the defendants involved herein. We deem it unnecessary to set out in this opinion the alleged newly discovered evidence, as it may be conceded that it is such as probably would change the results if a new trial were granted; that it is material to the issue herein and not merely impeaching or contradictory of the former evidence. Does the evidence meet the other requirements? We think not. Its existence and whereabouts were known to Mr. Ellis, who had custody thereof for more than 9 years, and who had knowledge that all of said records had been turned over to the Bank Commissioner, and on Tuesday, before the trial of the case on Thursday, he had visited the office of the Bank Commissioner and secured a part of said records, which were used in the trial of the case. Mr. Ellis, as witness, testified that the only reason he

did not secure all of said records was that he did not have sufficient time on his visit to said office. Consequently, it appears that the plaintiff was familiar with said records and knew their whereabouts before the trial of the cause and could have secured the same by the exercise of due diligence. This is borne out by the affidavit in support of the motion for new trial to the effect that said alleged newly discovered evidence was discovered on a subsequent visit to the office of the Bank Commissioner within four days after said trial. Especially is this true in view of the fact that the defendants in their answer had called the attention of the plaintiff to the importance of these records by demanding that they be produced at the trial.

Litigants should be diligent in making the fullest preparation for the protection of their rights before courts. They cannot rush into trial with a portion of the evidence which is obtainable and speculate upon the verdict of the jury, and if unsuccessful, secure a new trial because of their lack of diligence. Such practice would not only cause additional delay and expense to opposing litigants, but would add additional duties to an overworked judiciary and prevent other litigants from obtaining the speedy trials to which they are entitled.

At the time of the trial the cashier knew he had not found all the evidence. Yet, knowing its importance, the plaintiff, without making application for a continuance, announced ready and proceeded to trial.

In Bank of Chelsea v. School Dist. No. 1, Rogers Co., 62 Okla. 186, 162 Pac. 809, this court held:

"A party will not be entitled to a new trial upon the ground of newly discovered evidence, where he knew of the absence of the evidence at the time of going to trial, unless it appears that such party took proper legal steps to procure a continuance or delay of the trial on account of the absence of the evidence."

See, also, McCants v. Thompson, 27 Okla. 708, 115 Pac. 600.

We are of the opinion that the evidence relied on, in support of the motion for new trial, was not discovered by the plaintiff since the trial, but conceding that it was discovered since the trial, it was such as could have been easily discovered before the trial by the exercise of due diligence. We therefore hold that the plaintiff was not entitled to a new trial because of alleged newly discovered evidence.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.