## BROWN v. McNAIR.

No. 16252.   Opinion Filed April 5, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. **Damages—Personal Injuries — General and Special Damages—Pleading and Proof.**

In an action for damages for personal injuries, where plaintiff pleads both generally

and specifically as to the damages resulting from such injuries, the plaintiff is not limited in his proof to the injuries specifically alleged, but, in the absence of a motion to make more definite and certain, may prove results of the wrongful act alleged, the origin or aggravation of which is traced to the injuries described.

2. **Appeal and Error—Necessity for Objection Below—Insufficiency of Evidence.**

Where a demurrer to the evidence or motion for a directed verdict is not interposed in the trial court, the insufficiency of the evidence on the part of plaintiff to sustain the verdict will not be reviewed here.

3. **Appeal and Error—Review—Excessiveness of Damages.**

This court will not modify a judgment in an action for damages, where it is sustained by sufficient evidence, on the ground it is excessive, unless it appears either to have been rendered through passion or prejudice, by reason of the amount of the verdict or otherwise.

Error from District Court, Osage County: Jesse J. Worten, Judge.

Action by Sara McNair against Charles Brown. Judgment for plaintiff, and defendant brings error. Affirmed.

John W. Tillman, Fred A. Tillman, Welcome D. Pierson, and J. M. Humphreys, for plaintiff in error.

A. M. Widdows, Frank T. McCoy, and John T. Craig, for defendant in error.

BRANSON, C. J. Herein is presented, error from the district court of Osage county. Sara McNair sued Charles Brown and another. On demurrer, the other party was eliminated. On trial of the issues, she obtained a verdict and judgment against the defendant Brown in the sum of $10,557. The parties are referred to herein as they appeared in the court below.

Epitomized, the plaintiff based her cause of action for damage against the defendant on these allegations: That on the 13th day of June, 1923, the defendant was driving a Packard touring car on what is known as the "Pershing" highway. and going in the direction of the city of Pawhuska. That the plaintiff was driving a Ford coupe in the opposite direction on the same highway, and that the plaintiff was on the extreme right side of the said highway, and traveling at the rate of from 12 to 15 miles per hour; that she was handling her car in a cautious and careful manner; that just previous to meeting the defendant, there was a curve in the highway, and the defendant negligently, wrongfully, and unlawfully, and while driving at a high, excessive and unlawful rate of speed at or near said curve, drove his Packard car onto the west side of the road, on which the plaintiff was properly driving her car, colliding with the car driven by the plaintiff; that by this wrongful and tortious act, the defendant completely demolished plaintiff's car, and severely injured her in these particulars, to wit: That the roof of her mouth was broken or fractured in several places, that two of her teeth were loosened, causing a permanent disalignment of her teeth; that many of her teeth were broken; that it was necessary that others be extracted; that her left cheek bone was not only fractured, but flattened, and that sinusitis resulted from said injuries; that the same will be permanent; that her left eye was bruised and cut, by which the sight thereof was impaired; that her left temple was bruised to the extent that her nerves and tissues were so affected that her sense of feeling therein has been destroyed; that her face was so wounded that the same became discolored, and the skin came off, resulting in a permanent disfiguration of her face; that her right knee was bruised, strained, and became stiff, the pain resulting therefrom being such that she could not sleep on that side of her body; that she could not use her arm for a period of months; that her back was bruised, strained, and affected, and that as a result of said injuries, contusions, bruises, strains, and shock to her nervous system, plaintiff's appearance, health, and disposition were and are seriously and permanently injured. Plaintiff further pleaded certain expenses growing out of treatment at the time of filing the suit, amounting to $557.

The defendant Brown admitted that he was driving a Packard car on the highway at the time alleged by the plaintiff, and further pleaded that plaintiff's alleged injuries were caused by her own negligence.

While the assignments of error, considered as numbered, are numerous, the brief filed by the defendant in support of his petition in error urges three propositions: The first is the alleged erroneous admission of certain evidence; and second, evidence insufficient to sustain a verdict; and third, that the verdict of the jury is excessive.

The evidence which the defendant contends was erroneously admitted, under the pleadings. was given by the physician who attended the plaintiff. The particular evidence given by the physician against which complaint is lodged, was elicited by plaintiff's counsel. and was to the effect that

plaintiff had sustained certain internal disarrangements, and that in his judgment the disarrangements referred to were caused by the accident. The disarrangement to which reference is made was the misplacement of the womb, the enlargement thereof, and its condition as referred to by the physician as being "a boggy tensity." The physician also testified that this condition would necessitate a long period of treatment, and possibly an operation would become necessary to rectify the same. After the physician had testified as above indicated, counsel for defendant asked the trial court to strike the same from the record and to advise the jury not to consider it for the reason that it amounted to a variance, in that this condition had not been pleaded, and that this evidence was incompetent. This motion was by the trial court overruled. Other evidence given by plaintiff's physician, to which similar request was directed, was to the effect that plaintiff suffered excessive and irregular pain during her menstruation periods, and a misplaced uterus; the likelihood that these conditions would exist until rectified by an operation.

Defendant makes the contention in support of these alleged errors that plaintiff pleaded specifically the injuries sustained, and that she also pleaded specifically the consequences resulting therefrom, and that her petition made no reference to internal injuries or suffering excessive or irregular pain during her menstruation periods, neither did the petition specifically plead anything from which these internal injuries or results would reasonably be inferred; that therefore the variance was such that the admission of the evidence by the trial court constituted reversible error.

We are not unmindful of the rule cited in brief of defendant, as announced by this court in the case of Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117, to the effect that the party on whom lies the onus probandi must tender proof of the allegations pleaded, and that the evidence offered must not vary therefrom. El Reno Wholesale Grocery Co. v. Kean, 93 Okla. 198, 220 Pac. 653; McCray v. Cunningham, 109 Okla. 93, 234 Pac. 633. In other words, in brief language, the defendant asserts that this cause should be reversed for a new trial, for that plaintiff pleaded specific injuries and specific consequences resulting therefrom, for which she sought general damages, and that the specific injuries and the specific consequences resulting therefrom, as pleaded, gave no notice to the defendant that evidence would be offered as to internal injuries, as testified to by plaintiff's physician; that by reason of this character of allegations, the defendant was not required to anticipate and be prepared to meet this character of evidence.

The plaintiff answers this contention made by the defendant and says, in effect, that her petition contained both special and general allegations, and points out that part of the petition which recites: "As a result of the aforesaid concussions, bruises, strains, injuries, and shock to her nervous system, plaintiff's appearance, health, and disposition have been seriously and permanently injured." Particular attention is called to the allegation "as to her health." This is important, as plaintiff contends, for that all the testimony of which the defendant complains went to a condition of her health, or lack of health, and that the defendant could not complain of the admission of this evidence in the absence of a motion to make the petition more definite and certain in this particular. 8 R. C. L. 620; Pugmire v. Oregon Short Line R. R. Co. (Utah) 92 Pac. 762; Mo. Okla. & Gulf R. Co. v. Collins, 47 Okla. 761, 150 Pac. 142.

In the instant action, the plaintiff herself had testified in substance and effect as to the same internal injuries as to which her physician testified.

Plaintiff had testified without objection, in effect, that prior to the said wrongful injuries, her internal organs referred to above were normal, and functioned normally, and without continuous or excessive pain, but that since said wrongful injury they had never functioned normally, and that she had suffered excessive and continuous pain. She further testified that future medical treatment would be necessary to rectify this condition, if it could be done at all. This evidence on the part of the plaintiff went to the jury without any objection on the part of the defendant. While the record discloses that the testimony of the physician, which was given without objection until the testimony of physician was ended, and then the objection was interposed by a motion to strike, is more in detail as to the character of the injury to plaintiff's sexual organs and the functioning thereof, it is in scope and deducible effect no more extensive than what was already in evidence without objection. Under such circumstances, even if it be conceded that a timely objection to the questions asked the physician should have been sustained, the judgment should not be reversed on account

thereof, by reason of the rule to this effect: That prejudicial error cannot be predicated upon proof of facts already in evidence, without objection. M., O. & G. Ry. Co. v. Miller. 45 Okla. 173, 145 Pac. 367; St. L. & S. F. Ry. Co. v. Duke, 192 Fed. 306, 112 C. C. A. 564; Western Coal Co. v. Greeson, 284 Fed. 510; Hickman v. Layne, 47 Neb. 177, 66 N. W. 298; M., K. & T. Ry. Co. v. Elliott. 102 Fed. 96.

The next contention made is that the verdict is not sustained by the evidence. Plaintiff answers this contention by saying that defendant did not demur to the evidence, nor request an instructed verdict, and that this precludes the raising of the sufficiency of the evidence to sustain the same. This proposition is so well settled that it needs no further discussion. Oklahoma Union Ry. Co. v. Mitchell, 105 Okla. 152, 231 Pac. 1062.

The next contention of the defendant is that the verdict of the jury and the judgment rendered thereon are excessive. In regard to this contention, we think that the rule is that a verdict will not be set aside or modified on this ground unless it appears to have been rendered under the influence of passion or prejudice. St. L. & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 Pac. 440; M., O. & G. Ry. Co. v. Parker, 50 Okla. 491, 151 Pac. 332; C.. O. & G. Ry. Co. v. Burgess, 21 Okla. 653, 97 Pac. 271; Sand Springs Park v. Schrader, 82 Okla. 244, 198 Pac. 983.

On this question, briefly summarizing the evidence before the jury, it discloses that the plaintiff was a young woman, injured as hereinabove indicated, was treated by a physician, which treatment was continuous up to the time of the trial of this cause, more than a year after the accident; that her condition would necessitate continued treatment and a probable operation; that her teeth were dislocated and many of them were lost; that those remaining were entirely out of line; that there were cracks in the roof of her mouth; that her ability to articulate distinctly was impaired; that her left cheek bone was knocked in or flattened, which condition existed at the time of the trial, and was shown to the jury, the evidence showing that she had no cheek bone on the left side, or rather that there was an indentation or a concave condition; that her left eye was all but knocked out, and greatly injured: that she was bruised and mangled in other ways not necessary here to describe particularly: that all of these injuries resulted from the wrongful act of the defendant, and did not exist prior thereto; that prior to the accident she was phys-

ically sound as to her organs above specified as being injured, and that they were in a healthy and normal condition; that she was left in a highly nervous and melancholy state.

Under these conditions; which were in greater detail placed before the jury, this court will not say that the amount of damage awarded the plaintiff was in any wise excessive. The judgment of the trial court is affirmed.

MASON, PHELPS, LESTER, RILEY, and CLARK, JJ., concur.

Note.—See under 17 C. J. p. 1002, §306; 8 R. C. L. 620. (2) 3 C. J. p. 839, §746. (3) 4 C. J. p. 872, §2847; 2 R. C. L. p. 199; 1 R. C. L. Supp. p. 440; 4 R. C. L. Supp. p. 91; 6 R. C. L. Supp. 74.