## RUBY et al. v. BARRETT.

No. 17782.   Opinion Filed April 3, 1928.

(Syllabus.)

## Appeal and Error—Sufficiency of Evidence— Necessary to Present Question at Trial.

Paragraph 1 of the syllabus in Norman v. Lambert, 64 Okla. 238, 167 Pac. 213, is hereby adopted as the syllabus in this case.

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; Claude Duval, Judge.

Action by J. E. Ruby and Arlie M. Ruby against H. V. Barrett for damages. Judgment for defendant, and plaintiffs appeal. Affirmed.

Tyler & Grant and James O. Lynch, for plaintiffs in error.

Bellatti & Brown, for defendant in error.

TEEHEE, C. In this cause the parties appear as in the trial court. There plaintiffs sued in damages for the death of their child caused by injuries inflicted by defendant through his alleged negligent operation of an automobile. Defendant answered by denial, and also interposed the defense of contributory negligence. The cause was tried to a jury, with the verdict and judgment thereon for the defendant. Of this plaintiffs complain on grounds that go to the sufficiency of the evidence to sustain the verdict and judgment, which objections were first raised in the trial court by their motion for a new trial. For that reason defendant makes the point that plaintiffs' appeal is ineffective to call into exercise the appellate jurisdiction of this court.

It has been repeatedly laid down as a rule of review that a motion for a new trial does not operate to supply that challenge of the sufficiency of the evidence in the trial court requisite to enable a consideration thereof on appeal. Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Milburn v. Miners' & Citizens' Bank, 101 Okla. 281, 226 Pac. 44; Federal

National Bank v. Sartin, 114 Okla. 244, 246 Pac. 617.

In the state of the record, therefore, the grounds urged by plaintiffs for reversal of this cause cannot be considered, and for that reason the judgment of the trial court is affirmed.

BENNETT, FOSTER, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.