## SHOBE v. SYKES et al.

No. 19452. Opinion Filed June 10, 1930.

Commissioners' Opinion, Division No. 1.

Guy D. Talbot, for plaintiff in error.

F. M. Gustin and Titus & Hill, for defendants in error.

LEACH, C. The plaintiff in error, M. L. Shobe, as plaintiff, commenced this action in the district court of Alfalfa county to obtain possession of 61 head of cattle of which he alleged ownership. The cattle were taken under a writ of replevin from the defendants Charley Sykes and Ed Sykes, and possession thereof remained with the plaintiff, no redelivery bond being given by the defendants.

The defendants Sykes filed their answer in the cause denying that plaintiff was the owner of the cattle involved, and alleged the facts to be that about 60 days prior to the institution of the action, they had borrowed from the plaintiff the sum of $1,200 and as security therefor had given him a bill of sale to the cattle with the specific agreement that they might repay the sum borrowed at any time prior to the expiration of 60 days from the date the money was borrowed, and retain possession of the cattle, and alleged that they had offered to repay plaintiff the sum borrowed within the time agreed upon, but that he refused to accept the same and claimed ownership of the cattle. Further alleged that they had been damaged by the loss of the sale of cream from the cattle, and tendered the amount which they claimed to be due plaintiff on the loan, and prayed judgment for the return of the cattle or their value less the amount admitted by them to be owing to the plaintiff and for actual and exemplary damages.

A general verdict was returned in favor of the defendants for possession of the cattle, or their value, fixed at $2,360; also actual damages in the sum of $132.96 suffered by loss of the use of the cattle, and found the amount due plaintiff for money loaned to the defendants to be the sum of $1,213.30.

Pursuant to the verdict judgment was entered in favor of the defendants for the return of the cattle, or if the return thereof could not be had, that the defendants have judgment against the plaintiff for the sum of $1,279.56, with interest from date of judgment, which sum was the amount or value of the cattle less the amount found due plaintiff by defendants on the loan, plus the actual damages awarded defendants.

On denial of motion for new trial, the plaintiff appealed.

The first proposition presented and argued in the brief of the plaintiff as grounds for reversal of the judgment is that the evidence is insufficient to support the verdict. The plaintiff did not demur to defendants' evidence nor ask for an instructed verdict in his favor, and, under the rule announced by this court in several cases, the question presented is not properly before this court for review.

"Where the plaintiff submits his case to the jury, without demurring to the evidence, or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial." Norman v. Lambert, 64 Okla. 238, 167 Pac. 213.

See, also, Ruby v. Barrett, 130 Okla. 145, 265 Pac. 1048; Federal Nat. Bank v. Sartin,

114 Okla. 244, 246 Pac. 617; Brown v. Mc-Nair, 125 Okla. 144, 256 Pac. 903; Shawnee Nat. Bank v. Perry, 136 Okla. 60, 276 Pac. 230.

The next proposition presented as grounds for reversal is that the trial court committed error in its instructions Nos. 4, 5, 6, 7, and 8, which were objected and excepted to by the plaintiff.

Instruction No. 4, in substance, advised the jury that a bill of sale of personal property, absolute on its face, may be shown to be only a chattel mortgage, and advised the jury that if they found from the evidence that the bill of sale given by the defendants to plaintiff was intended to be only a chattel mortgage, then they should find for the defendants. Objection is made to the instruction on the ground that it omitted the word "preponderance" before the word "evidence," and further failed to advise the jury that defendants must have tendered the amount due plaintiff.

In view of the fact that defendants admitted the execution of the bill of sale, reciting an actual transfer and sale of the property, the burden was upon them to show by a preponderance of the evidence that the instrument did not, or was not intended to convey actual title, or was given conditionally. The omission of the word "preponderance" before the word "evidence" would not necessarily be such an error as to cause a reversal were the instructions otherwise sufficient because it is not likely that the jury would be misled by such omission alone. However, it will be observed from an examination of the instructions as a whole, that the court used the word "preponderance" in the instructions setting forth the conditions under which the plaintiff might recover while such word is omitted in the instructions referring to the conditions under which the defendants should recover.

As to the objection that the instruction No. 4 omitted any reference to tender, we are of the opinion that such omission was not error under the defendants' theory, because they contend that the cattle were replevined before the expiration of the period of time in which they had to pay the amount of the loan. Furthermore, the instructions elsewhere and in another paragraph sufficiently advise the jury on the question of tender or payment.

Instruction No. 5 is complained of. The first or initial paragraph of it reads as follows:

"You are further instructed that plaintiff took possession of the cattle described in said bill of sale on or about the 27th day of September, 1927, as against the protest, consent, and interest of these defendants, and that on account of his forcible and unlawful possession of said stock, these defendants have been greatly damaged."

The objection made thereto by the plaintiff is that "the instruction was a clear invasion of the province of the jury and an unwarranted assumption by the judge as to the facts." Citing John W. Archer v. United States, 9 Okla. 569, 60 Pac. 268; and C. O. & G. R. R. Co. v. Desperade, 12 Okla. 367, 71 Pac. 629. In response to such objection, the defendants suggest that the first or quoted paragraph of the instruction is a typographical error in writing or copying the same, and contend that the error in the first paragraph was entirely cured by the three succeeding paragraphs of the same numbered instruction.

The second paragraph of the same numbered instruction advised the jury that, if they found from a preponderance of the evidence that the plaintiff purchased the cattle set out in his affidavit, and paid for the same, and that the defendants issued to him a bill of sale in good faith, then under these circumstances it would be their duty to find for the plaintiff.

The next paragraph of the same instruction advised the jury that if they found from the evidence that defendants did not sell the cattle to the plaintiff, but only made a loan from him, and that they, defendants, were able, willing, and offered to pay the plaintiff the amount borrowed, together with interest on or before the expiration of 60 days, then, under these circumstances, it was the duty of the plaintiff to accept payment and release any claim he had on the property, and if plaintiff refused to accept the same and intentionally and wrongfully held possession of the property, to the damage of defendants, that then, under these circumstances, the jury should find for the defendants.

If the first paragraph of instruction No. 5 were the only error in the instructions, we might be able to agree with the contention made by the defendants to the effect that such error was cured by subsequent paragraphs of the same numbered instruction, but when we consider that instruction with No. 8, which was also objected to by the plaintiff, we conclude that the errors appearing therein may have confused the jury and misled them as to their duty in the matter and as to the rights of the plaintiff under the law.

Instruction No. 6 referred to the question of actual damages claimed by defendants, while No. 7 referred to exemplary damages and instruction No. 8 reads as follows:

"The court further instructs the jury that in arriving at a verdict in this case, you will determine:

"First. The value of the cattle replevined on the day they were replevined; then you will determine to what extent, if any, defendants have been damaged in the loss of the use of the milk cows, or any other loss that you may deem from the evidence the defendants have sustained, which damage you will add to the value of the cattle, at the time they were replevined.

"Second. It will be your duty to determine the amount of plaintiff's claim, to wit, $1,200, with interest thereon from the date the same was loaned until the date of the issuance of the writ of replevin, and deduct said amount from the value of the cattle, as damages above determined, and render a verdict for the return of the property, and if a return cannot be had, then for the difference in the value of the property less the amount due from the defendants to the plaintiff."

It will be observed that the instruction No. 8 does not contain any qualifying clause or statement by the court to the effect that, in the event, or in case the jury should find in favor of the defendants, then and in that event they should arrive at the amount due the defendants under the rules set forth in the instruction. When we consider instruction No. 8, also the first paragraph of No. 5, wherein the court practically advises the jury that their verdict should be for the defendant, we are unable to say that such errors are not prejudicial to the plaintiff. We are not unmindful of the general rule that instructions should be construed together as a whole, and that if it is clearly apparent from the whole record that no prejudice in fact resulted from an erroneous statement of the law in an instruction, then no reversible error is shown. Pierce Oil Corp. v. Tipton, 100 Okla. 243, 229 Pac. 299.

We are of the opinion that the record in this case brings it within the rule of law announced in the case of City of Cushing v. Buckles, 134 Okla. 206, 273 Pac. 346, wherein it was said:

"Instructions must be considered as a whole, and where two instructions are given containing conflicting propositions of law upon a crucial issue tending to confuse the jury, the case will be reversed for the reason that the court is unable to determine which instruction the jury followed."

A number of cases will be found cited in the above-mentioned case sustaining the rule laid down in the syllabus. Also, the case of Younger v. Blanchard Hdwe. Co., 120 Okla. 279, 251 Pac. 56, stated the following rule:

"It is the duty of the trial court to give, upon its own motion, proper instructions substantial.y covering the issues and the evidence produced at the trial of the cause, and it is fundamental error for it to fail to do so; and so, when inconsistent instructions tending to confuse the jury have been given, and after an examination of the entire record the Supreme Court finds that there is a probability that the giving of such instructions has probably resulted in a miscarriage of justice, the Supreme Court will reverse the cause and grant a new trial."

That case also contains quotations from a number of former decisions of this court sustaining the rule announced.

It is the duty of the jury to determine the facts from the evidence, but it must follow the law as given them by the court, and since the instructions must be considered as a whole, then the instructions should be consistent and harmonious, otherwise they are confusing to the jury and the appellate court is unable to tell which instruction the jury followed.

Since it appears that there was error in the charge of the court on a very material issue, the effect of which upon the jury we are unable to say did not result in substantial prejudice to the plaintiff, we are of the opinion that there is reversible error shown, and therefore the judgment should be and is hereby reversed, and cause remanded for a new trial.

REID, FOSTER, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

CULLISON, J., disqualified, and not participating.

By the Court: It is so ordered.