**Lyllys MARTIN, Plaintiff in Error,**

v.

**George M. SAVLIK, Defendant in Error.**

**No. 36408.**

Supreme Court of Oklahoma.

May 17, 1955.

Doyle Watson, Drumright, for plaintiff in error.

Grigsby, Foliart & Hunt, James W. Shepherd, Jr., Oklahoma City, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Lyllys Martin, hereinafter referred to as plaintiff, against George M. Savlik, hereinafter referred to as defendant, to recover damages for personal injuries allegedly sustained by plaintiff as a result of an automobile accident which occurred while plaintiff was riding as a guest in defendant's automobile.

Upon a trial to a jury, under instructions concerning which no complaint was or is made, a verdict was rendered for defendant, upon which judgment was entered, and plaintiff appeals.

As her first proposition of error plaintiff urges that the trial court should have sustained her motion for new trial because of misconduct on the part of the prevailing party or his representative. In support of

plaintiff's motion for new trial plaintiff's affidavit (which so far as the record reveals was not sworn to by plaintiff) was submitted wherein plaintiff alleged that a representative of the defendant, one J. W. Jackson, discussed in a loud and boisterous manner, in the hallway of the courthouse just outside the courtroom during a recess in the trial of this cause, certain evidence which had been specifically excluded by the court during the trial, and that such discussion was had in the presence of certain members of the jury who were trying the case and in such a manner and tone that it was heard by those members of the jury who were present. Defendant filed a response to such motion for new trial to which was attached the affidavit of the said J. W. Jackson wherein he flatly denied that he talked to anyone about the case near or in the presence of any juror or jurors or that he discussed any evidence or the exclusion of evidence in the case with anyone, in a loud and boisterous manner or otherwise, at the time and place alleged.

Upon hearing the motion for new trial, the trial court ordered the hearing continued to a later date and the said J. W. Jackson brought before the court for examination relative to the merits of the motion. The journal entry indicates that when the hearing was resumed two witnesses were sworn and examined in open court and the evidence and arguments heard and considered by the court and that the court then overruled plaintiff's motion for new trial on the grounds that the allegations of plaintiff's affidavit had not been proven to the satisfaction of the court. The evidence taken at such hearing is not shown in the record, however, and is therefore not before us. In plaintiff's brief it is stated that no reporter was present at the hearing on the motion for new trial, which is the reason the proceedings then occurring are not contained in the record. Regardless of the reason for its absence, however, we are unable to review evidence which is not before us.

■ A motion for new trial predicated upon misconduct of the prevailing party, which is supported by affidavit but is controverted by affidavit submitted by opposing litigant, is addressed to the sound discretion of the trial court, whose action in denying and overruling the motion can only be reviewed where it is made to appear that the court abused its discretion. Ratcliff v. Sharrock, 44 Okl. 592, 145 P. 802. When the record brought to this court does not contain the evidence upon which the trial court based its judgment, we cannot say that it did not find according to the facts in holding that the charge of improper conduct had not been sustained; much less can we say that the court abused its discretion in denying the motion for new trial. Myers v. Cabiness, 44 Okl. 671, 146 P. 33.

■ As her only other proposition, plaintiff asserts that the trial court should have sustained plaintiff's motion for new trial because the verdict was not supported by the evidence, but rather the evidence would have supported a verdict for the plaintiff.

Plaintiff's petition alleged that she sustained certain injuries in an automobile accident caused by defendant's negligence. Defendant answered by a general denial and pleas of contributory negligence, unavoidable accident and sudden emergency. At the conclusion of the testimony defendant demurred and moved for a directed verdict, but plaintiff made no motion and did not demur. The court, in its instructions, took the defense of contributory negligence away from the jury, and gave no instruction on the defense of sudden emergency. The court instructed the jury on all other issues raised by the pleadings and no exceptions were taken to such instructions by either party. Plaintiff acquiesced in the submission of the issues to the jury, under instructions apparently satisfactory to both parties. Under such circumstances the question of whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for new trial and cannot be considered on appeal. Myers v. Hubbard, 80 Okl. 97, 194 P. 433; Norman v. Lambert, 64 Okl. 238, 167 P. 213; Ruby v. Barrett, 130 Okl. 145, 265 P. 1048.

Judgment affirmed.